Name: Anthony Kidd #93399

Address: E.D.C.F. 1737 S.E. U.S. Hwy. 54
El Dorado, Ks 67042-0311

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY KIDD, Plaintiff
*(Full Name)*

V.

JEREMY BAKER, Defendant(s)

CASE NO. 22-3123-SAC
*(To be supplied by the Clerk)*

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) ANTHONY KIDD *(Plaintiff)*, is a citizen of KANSAS *(State)* who presently resides at E.D.C.F. 1737 S.E. U.S. Hwy. 54 *(Mailing address or place of confinement.)*

2) Defendant JEREMY BAKER *(Name of first defendant)* is a citizen of Larned, Kansas *(City, State)*, and is employed as a correctional officer at Larned *(Position and title, if any)*. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

At all times relevant to this complaint Jeremy Baker was working as a correctional officer, a state employee.

XE-2 8/82            CIVIL RIGHTS COMPLAINT §1983

1



3) Defendant __TYLER JONES__ is a citizen of
(Name of second defendant)

__Larned, Kansas__, and is employed as
(City, state)

__a correctional officer at Larned__. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

At all times relevant to this complaint Tyler Jones was working as a correctional officer, a state employee.

(Use the back of this page to furnish the above information for additional defendants.)

See attached documentation for list of defendants

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

42 U.S.C. §§1331 and 1343

B. NATURE OF THE CASE

1) Briefly state the background of your case:

Please see attached documentation at paragraphs 10-51

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Please see attached documentation at paragraph 53

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

Please see attached documentation at paragraphs 10-51

B) (1) Count II: Please see attached documentation at paragraph 54

(2) Supporting Facts: Please see attached documentation at paragraphs 10-51

C) (1) Count III: _please, see attached documentation at paragraph 55_

(2) Supporting Facts: _please see attached documentation at paragraphs 10-51_

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:
      Plaintiffs: _N/A_
      Defendants: _N/A_

   b) Name of court and docket number _N/A_

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _N/A_

   d) Issues raised _N/A_

e) Approximate date of filing lawsuit __N/A__

f) Approximate date of disposition __N/A__

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

__Plaintiff has properly filed and exhausted multiple administrative grievances with the KDOC. He received no relief whatsoever. (See attached)__

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

__Please see attached documentation on pages 10-11.__

_____    _____
Signature of Attorney (if any)    Signature of Plaintiff

(Attorney's full address and telephone number)

XE-2 8/82        CIVIL RIGHTS COMPLAINT §1983

Mr. Anthony Kidd # 93399
E.D.C.F. 1737 S.E. U.S. Hwy. 54
El Dorado, KS 67042-0311

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY KIDD, | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) COMPLAINT |
| | ) JURY TRIAL DEMAND |
| JEREMY BAKER, | ) |
| TYLER JONES, | ) Case No. _____ |
| MICHAEL FALCK, | ) |
| JASON VSETECKA, | ) |
| (FNU) SIMMONS, | ) |
| JOHN DOE sued in | ) |
| their individual capacities | ) |
| Defendants | ) |

Preliminary Statement

This is a civil rights action filed by Anthony Kidd, a state prisoner, for damages and declaratory

1)                                    7)

relief under 42 U.S.C. §1983, alleging excessive use of force in violation of the Eighth Amendment to the United States Constitution.

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violations of federal constitutional rights under 42 U.S.C. §§ 1331 (1) and 1343.

## Parties

2. The plaintiff, Anthony Kidd, was incarcerated at Larned Correctional Mental Health Facility during the events described in this complaint.

3. Defendant Jeremy Baker is a correctional officer employed by Larned. He is sued in his individual capacity.

4. Defendant Tyler Jones is a correctional officer employed by Larned. He is sued in his individual capacity.

5. Defendant Michael Falck is a correctional officer employed by Larned. He is sued in his individual capacity.

6. Defendant Jason Vsetecka is a correctional officer employed by Larned. He is sued in his individual capacity.

8)

(2)

7. Defendant (FNU) Simmons is a correctional officer employed by Larned. She is sued in her individual capacity.

8. Defendant John Doe is a correctional officer employed by Larned. He is sued in his individual capacity.

9. All defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Facts

Excessive use of force

10. There are two seperate units at Larned Correctional Mental Health Facility ("LCMHF"), the mental health unit and the prison unit. At all times relevant to this complaint plaintiff was in the prison unit.

11. On December 28, 2021 at approximately 9:00 a.m. plaintiff lived in F unit in cell 312. He requested defendant Vsetecka to open his door about ten minutes before yard was scheduled to take place so he could clean his cell and take a shower.

12. Vsetecka initially opened plaintiff's door but then later shut it.

13. Vsetecka's actions seemed odd to plaintiff because he did not close any other inmate's door.

(9)

(3)

14. Vsetecka again opened plaintiff's door when yard was called. At that time plaintiff and Vsetecka had a verbal confrontation where Vsetecka was trying to provoke plaintiff, but plaintiff did not take the bait.

15. Vsetecka, for no reason than an attempt to be intimidating, pulled out a can of mace and subsequently called the (A1) response unit.

16. The camera footage of the living unit will show plaintiff went to his cell and got the items he needed to shower.

17. A short wile later defendants Baker, Jones and Falck responded to the code called by Vsetecka.

18. Baker and plaintiff had a conversation about what lead to the code being called. Plaintiff advised Baker that for whatever reason Vsetecka was trying to get him to shower on his time and that closing the cell door was causing unnecessary strife and discontent.

19. After our discussion Baker, Jones and Falck walked away and behaved as if the fact they were called to the unit for something so petty was an annoyance. At that point plaintiff believed the matter was resolved and no longer an issue.

20. Vsetecka again closed plaintiff's door.

(10)

(4)

21. Baker, Jones and Falck had a conversation among themselves and then returned to plaintiff's cell and gave him an order to "cuff up."

22. Plaintiff stated that he was under the impression the matter was resolved and didn't understand what was going on.

23. While having the discussion with Baker plaintiff had his shower stuff in his hands.

24. Out of nowhere Baker reached out and grabbed plaintiff's arm. The sudden move shocked plaintiff and he instinctively snatched his arm back.

25. In reaction to plaintiff's movement, one of the officers punched plaintiff in the side of the head. Plaintiff was stunned as such an unlawful action was unnecessary.

26. At that point compulsion and fear kicked in as plaintiff believed the officers were out to do serious physical harm to him so he began to fight back.

27. At some point during the scuffle additional officers showed up to the scene, one of which was (FNU) Simmons.

28. During the incident plaintiff was able to push some of the officers back but they were successful in getting shackles around his ankles.

29. At some point plaintiff was lifted off his feet about three feet and abruptly slammed to the ground.

(5)

30. The slamming of petitioner caused all the breath to be knocked out of him, his back to be twisted at an odd angle, and his right elbow to be slammed into the ground.

31. While layed out on the floor the officers were able to get handcuffs on the plaintiff.

32. Also while on the ground plaintiff had multiple officers on his back applying their weight which was making it extremely hard for him to breathe.

33. Officer Baker put plaintiff in a headlock and began to sadistically and maliciously beat him.

34. After the beating he began choking the petitioner so hard he was afraid of losing consciousness.

35. In fear for his life, and as a last resort, as plaintiff's hands were restrained behind his back, plaintiff bit Baker on his arm in an attempt to get him to stop choking him.

36. During the scuffle plaintiff was gasping "can't breathe" and the officers failed to take any action that would indicate they cared.

37. Plaintiff could hear inmates saying, "yaw see he cant breathe, let the man up!" The comments fell on deaf ears.

38. When plaintiff was finally raised to his feet

(6)

to be placed in a wheelchair, Baker reached out and grabbed plaintiff by the throat with both hands — without any scuffling or resisting from plaintiff — and again maliciously and sadistically choked him.

39. While plaintiff was choked on multiple occasions none of the officers present, including Vsetecka and Simmons, intervened in any way to stop the unlawful acts.

40. Upon knowledge and belief all the chokes used by Baker, especially bearhugging plaintiff's neck while choking him, are banned by KDOC policy and procedure.

41. The entire incident complained of here was caught on both the living unit camera as well as the hand-held camera in the response team's possession.

42. Upon knowlede and belief defendant Baker was disciplined by the prison administration for the actions he took against the plaintiff, resulting in a loss of his rank.

43. Kansas Department of Corrections ("KDOC") policy and procedure, specifically ImPP 12-111, makes clear that physical force used by staff shall not be used in a punitive or abusive manner. Further, when force is used the type of force used must be reasonable given the situation.

(13)

(7)

44. Upon knowledge and belief the actions of the defendants were done in a punitive and abusive manner and was not reasonable given the situation.

45. Pursuant to KDOC policy and procedure each officer involved in the use of force must prepare a use of force report before leaving work for that day.

46. Plaintiff was photographed after the incident pursuant to KDOC policy. Among other things those photos will show a deep laceration on plaintiff's right ankle as a result of the leg restraints digging into it when he was slammed to the ground.

47. Pursuant to KDOC policy and procedure any video recordings and photos in existance in regards to the use of force must be preserved for a minimum of 3 years.

48. As a result of the beating, slamming and choking of plaintiff he received multiple injuries: a gash in his right ankle with accompanying nerve damage, a large cyst on his right elbow that is growing, and a painful mid-back injury that is worsening over time.

49. Plaintiff has been seen by medical professionals in regards to his injuries and continues to receive treatment.

50. After the incident plaintiff communicated with the office of the secretary of corrections in an attempt to be transferred from Larned because he was in fear for

(8)

14)

his life.

51. Discovery and review of the camera footage is neccessary to determine each defendant's participation in the incident.

Exhaustion of administrative remedies

52. The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

Claims for relief

53. The actions of defendant Doe in punching plaintiff in the head without need or provocation was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

54. The actions of defendants Baker, Jones and Falck in picking up plaintiff high off the ground and slamming him, which resulted in multiple serious injuries, was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

55. The actions of defendant Baker in choking plaintiff on multiple occasions without need or provocation, and in Jones, Falck, Useteka and Simmons failing to intervene to prevent the misuse of force, was

(9)   (15)

done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

## Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendant Doe's unprovoked punching of plaintiff in the head violated his rights under the Eighth Amendment to the United States Constitution.

2. Defendants Baker, Jones and Falck's slamming of plaintiff violated his rights under the Eighth Amendment to the United States Constitution.

3. Defendant Baker's actions in choking the plaintiff, and Jones', Falck's and Useteka's failure to intervene, violated his rights under the Eighth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:
1. $275,000 jointly and severally against defendants Baker, Jones, Falck, Useteka and Simmons for the physical

(15)

(15)

and emotional injuries sustained as a result of the plaintiff's beating.

C. Award punitive damages in the following amounts:
   1. $100,000 against defendants Baker
      $25,000 each against defendants Jones, Falck, Usetecka and Simmons.

D. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,
Anthony S Kidd #93399
Anthony Kidd

### DECLARATION

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

Anthony S Kidd
Anthony Kidd

(11)

(17)