# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY S. KIDD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEREMY BAKER, *et al.*, )<br>)<br>Defendants. )<br>) | Case. No. 22-3123-JWL-JPO |

## RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT

Defendants Jeremy Baker, Tyler Jones, Michael Falck, Jason Vsetecka, and (FNU) Simmons ("Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this response to Plaintiff Anthony S. Kidd's Motion for Default (Doc. 28). Defendants respectfully request that the motion be denied and state the following in support.

### I. Defendants have not defaulted in this case.

"Default" is a legal term of art that means "[t]o fail to appear or answer." *Default(2)*, Black's Law Dictionary (11th ed. 2019). For the Defendants to be found in default, they would have to "fail[] to plead or otherwise defend" against Kidd's lawsuit. Fed. R. Civ. P. 55(a). This means Defendants would have to fail to file a responsive pleading (an answer) or another filing otherwise defending against the complaint (such as a motion to dismiss). *See Cummings v. U.S. Postal Serv.*, No. 20-7066, 2021 WL 4592271, at *2 (10th Cir. Oct. 6, 2021) ("a motion to dismiss . . . qualifies as 'otherwise defending' against the suit"). But, here, the Defendants have no duty to respond to the complaint until the Court has completed screening under 28 U.S.C. § 1915A. On August 3, 2022, the Court ordered:

> Upon the filing of [the *Martinez*] Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling.

(Doc. 6 at 7.) Defendants have no current duty to respond to the complaint, so Defendants could not have failed to fulfill a duty they do not have. Therefore, Defendants are not in default.

Similarly, to the extent that Kidd's motion addresses the *Martinez* Report or its exhibits, Defendants have no duty to respond substantively to such matters at this time and decline to do so.

## II. Kidd's Motion for Default should be considered as a motion to find Kidd's earlier Motion for Order to be uncontested.

The Court has authority to interpret a filing differently than the way it is titled by the filer:

> Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.

*Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted). Here, rather than truly alleging *default* as that term is legally understood, Kidd appears to be alleging that his Motion for Order should be considered an *uncontested motion* under D. Kan. Rule 7.1(c): "If a response is not filed by the applicable deadline, the court will consider and decide the motion as an

uncontested motion."[1] Accordingly, the court should consider Kidd's filing as a motion to find Kidd's earlier Motion for Order to be uncontested.[2]

### III.  Kidd's Motion for Order should not be considered to be uncontested.

Kidd's motion is premature because Defendants' motion for extension of time is still unresolved and pending. Defendants filed a motion for a two-week extension of time on November 10, 2022 (Doc. 26). Although the Court has not yet ruled on Defendants' motion for extension of time, Defendants filed their response within the timeframe that would be required under the requested two-week extension if granted.

**A.  Defendants' requested extension of time was reasonable.**

Defendants filed for the extension of time while waiting on the Kansas Department of Corrections (KDOC) (which is not a party to this case) to provide the undersigned with a copy of the surveillance camera video and an affidavit that Kidd had seen the video. KDOC thought it had mailed the video to the undersigned the same day the *Martinez* Report was filed, which was October 21, 2022, and KDOC may have so mailed a copy at that time. Upon being notified on November 1, 2022, that the undersigned had not yet received a copy of the video, KDOC sent another copy to a KDOC mailroom that same day, and the envelope was postmarked by the United States Postal Service on November 2, 2022. The video arrived at the undersigned's office later in the day on November 10, 2022, after taking nine days total from being placed in the mail

---

[1] As amended 12/1/22. Similar text previously found in D. Kan. Rule 7.4(b).
[2] Defendants note that Kidd has also filed a document titled "Response in Opposition to Defendants Motion for Order" (Doc. 29), which the court correctly filed as a reply to Defendant's response (Doc. 27) to Kidd's Motion for Order (Doc. 21). Kidd's reply makes similar arguments to those in his Motion for Default.

to its arrival. KDOC plans to address this lengthy mailing time by using expedited shipping or a similar solution in the future.

Kidd, currently housed at EDCF, was also able to view the video from HCF, a separate facility, on November 10, 2022, twenty days after the *Martinez* Report was filed. (Doc. 27 at 4.) The court can take judicial notice of the generally known fact that KDOC is currently facing understaffing issues. *See, e.g.*, KDOC, *Annual Report: Fiscal Year 2022*, 4, https://www.doc.ks.gov/publications/Reports/kdoc-fy2022-annual-report (last accessed December 2, 2022) ("the current labor market and other factors are resulting in vacancies across our [KDOC] workforce that are the highest anyone can recall"), subject to judicial notice as per Fed. R. Evid. 201 and *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also* Blaise Mesa, *The people running Kansas prisons have never seen a staffing crisis this bad*, National Public Radio in Kansas City (KCUR) (Nov. 9, 2021), https://www.kcur.org/news/2021-11-09/the-people-running-kansas-prisons-have-never-seen-a-staffing-crisis-this-bad. In light of the significant understaffing issues currently faced by KDOC, and the video having to travel in the mail between facilities, twenty days is not an unreasonable amount of time for the video to reach Kidd and the undersigned. Regardless, the Court should not unnecessarily penalize Defendants for the delay in receiving evidence from a non-party to this case.

**B. It would be unreasonable to order Defendants to produce or show to Plaintiff evidence that does not exist.**

If the Court chooses to deny Defendants' motion for extension of time, then Kidd's Motion for Order could be considered uncontested. But if the Court were to grant the order Kidd requests in his Motion for Order, Defendants would nonetheless be unable to produce a handheld

camera video or to show it to Kidd because no handheld camera video exists. (Doc. 27 at 1-2, 4; Doc. 19.) Fulfilling such an order would be literally impossible. Therefore, such an order would be unreasonable. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("the court . . . will not be blind to evidence that compliance [with a court order] is . . . factually impossible").

For the reasons above, Defendants request that Kidd's Motion for Default be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2022, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Jon D. Graves
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
jon.graves@ks.gov
*Attorney for Hutchinson Correctional Facility, Interested Party*

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
natasha.carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

I also hereby certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

Anthony S. Kidd, #93399
EL DORADO Correctional Facility-Central
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

/s/ Matthew L. Shoger
Matthew L. Shoger
Assistant Attorney General