Anthony Kidd #93399
_____
Name

E.D.C.F. 1737 S.E. U.S. Hwy. 54
_____

El Dorado, Ks 67042-0311
_____
Address

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY KIDD _____, Plaintiff
*(Full Name)*

V.

JEREMY BAKER _____, Defendant (s)

CASE NO. 22-3123 SAC
_____
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) ANTHONY KIDD _____, is a citizen of KANSAS
   *(Plaintiff)*                                    *(State)*

who presently resides at E.D.C.F, 1737 S.E. U.S. Hwy. 54
                                    *(Mailing address or place*

_____
*of confinement.)*

2) Defendant JEREMY BAKER _____ is a citizen of
              *(Name of first defendant)*

Larned, Kansas _____, and is employed as
        *(City, State)*

a correctional officer at Larned _____. At the time the
        *(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:

At all times relevant to this complaint Jeremy Baker was

working as a correctional officer, a state employee.

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983



1

3) Defendant __TYLER JONES_____ is a citizen of
                    *(Name of second defendant)*

__Larned, Kansas_____, and is employed as
        *(City, state)*

__a correctional officer at Larned_____. At the time the
        *(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [X] No [ ] . If your answer is "Yes", briefly explain:

__At all times relevant to this complaint Tyler Jones was__

__working as a correctional officer, a state employee.__

(Use the back of this page to furnish the above information for additional defendants.)

__See attached documentation for list of defendants__

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

__42 U.S.C. §§1331 and 1343__

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

__Please see attached documentation at paragraphs__

__10-51__

## C.  CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been

   violated and that the following facts form the basis for my allegations: (If necessary you

   may attach up to two additional pages (8h" x 11") to explain any allegation or to list

   additional supporting facts.)

A) (1) Count I: Please see attached documentation
   at paragraph 53 /     SEE Amended Documentation
   Page 20-26 for relief

   (2) Supporting Facts: (Include all facts you consider important, including names of

   persons involved, places and dates. Describe exactly how each defendant is involved.

   State the facts clearly in your own words without citing legal authority or argument.):

   Please see attached documentation at paragraphs
   10-51    / see Amended Documentation
   Page 20-26 for Relief


B) (1) Count II: Please see attached documentation
   at paragraph 54 /See Amended Documentation
   PAGes 20-26 for relief

   (2) Supporting Facts: Please see attached documentation
   at paragraphs 10-51 / see Amended Document
   -ion Pages 26-26 for relief

C) (1) Count III: *Please, see attached documentation at paragraph 55   Also See Amended Documentation Page 20-26 for relief!*

(2) Supporting Facts: *Please see attached documentation at paragraphs 10-51  PAGE 13  Also See Amended Documentatation Page 20-26 for relief!*

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

       Plaintiffs: *N/A*

       Defendants: *N/A*

    b) Name of court and docket number *N/A*

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) *N/A*

    d) Issues raised *N/A*



e) Approximate date of filing lawsuit ___N/A___

f) Approximate date of disposition ___N/A___

1) I have previously sought informal or formal relief from the appropriate administrative

officials regarding the acts complained of in Part C Yes ☒ No ☐ . If your answer is

"Yes", briefly describe how relief was sought and the results. If you answer is "No",

briefly explain why administrative relief was not sought.

___Plaintiff has properly filed and exhausted___

___multiple administrative grievances with the KDOC.___

___He received no relief whatsoever. (See___

___attached)___

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

___Please see attached documentation on___

___Page 11-26 ", all so! SEE "Amended Documentation"___

___Pages 20-26___

_____

Signature of Attorney (if any)        Signature of Plaintiff

_____

(Attorney's full address and telephone number)



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### IN FORMA PAUPERIS AFFIDAVIT

I do solemnly swear that the claim set forth in this petition is ,ust, and I do further swear that by reason of my poverty I am unable to pay a docket fee.

I, _Anthony S Kipp_ , declare under penalty of purjury that the foregoing is true and correct.

Executed on _12/14/22_ .
                   (Date)

_Anthony S Kipp #93349_
Signature of Petitioner



(11)

Mr Anthony Kidd # 9339
E DC F 1737 3E U.S Hwy 54
El Dorado. Ks 67042 -0311

IN the united states District Court
For the District of KANSAS

Anthony Kidd
        PlainTiff
    VS.
Jeremy, BAKER
Tyler, Jones
MICHAL, FALCK
Jason, VseTecka
Danny, Bentley
Courtnie, Simmons
Sued in their Individually
And their official CapAcities,
        DefendAnts

KSA 60 3703
" Amended Complaints )
SEE Fed. R Civ P. 15
SEE Fed R Civ P. 10 (A)
"Jury Trial Demand"

CASE NO: 22-3123-SAC

Preliminary Statement

    This is A civil rights Action filed by Anthony
S Kidd A state prisoner, for DAMAges And
Declaratory

1)

(12)

relief under 42 U.S.C § 1983. Alleging excessive use of Force in violation of the eight Amendment to the united state Constitution." Excessive force By Prison guards is Cruel And unusual punishment, In A very Important Suprem Court CASE Call Hudson v. McMillian. 503 U.S.1 (1992) the Court Found A violation of the 8 Amendment when Prison officials punch And Kicked A prisoner leaving Him with minor Bruises.

Jurisdiction

1: The Court Has Jurisdiction over the Plaintiff's Claims of Violation of Federal Constitutional Rights under 42 U.S.C § 1331 (1) And 1343

Parties

2 The Plaintiff, Anthony Kidd was incarcerated at Larned Correctional Mental Health Facility during the events described in the Complaint, 3) Defendant Jeremy Baker is A Correctional officer employed by K DOC. He is sued Individually And their official CAPACITIES 4) Defendant Tyler Jones is A Correctional officer employed by K DOC He is Sued in His Individually And their official CAPACITIES 5) Defendant Michael Falck is A Correctional officer employer By (K DOC) He is Sued in His Individual And their official CAPACITY

(3)

6. Defendant Jason Vsetecka is a correctional officer employed By (KDOC) He is sued In His individually And official Capacity 7) Defendant Countnie Simmons is a Correctional officer employed by (KDOC) She is sued In Her individual And Official Capacity 8) All Defendants worked for Larned Correctional Mental Health Facility (LCMHF) 9) All defendants Have Acted, And Continue to Act under Color of State law at All Times Relevant to this Complaint

## "Facts"

Excessive use of Force

10) there Are two Seperate units At Larned Correctional Mental Health Facility the mental Health unit And the prison unit, at All Times relevant to this Complaint Plaintiff was in the Prison unit. 11. On December 28, 2021 at Approximately 9:00 A.m. Plaintiff lived in F-Unit Cell 312. He requested Defendant Vsetecka to open His Door About ten minutes Befor Yard was Scheduled to take Place So He Could Clean His Cell And take A Shower 12) Vsetecka Initially opened Plaintiff Door But then later Shut it 13 Vseteckas Actions Seemed odd to Plaintiff Because He did Not Close Any other inmates door

14. Vsetecka again opened plaintiff's door when yard was called. At that time plaintiff and Vsetecka had a verbal confrontation where Vsetecka was trying to provoke plaintiff, but plaintiff did not take the bait.

15. Vsetecka, for no reason than an attempt to be intimidating, pulled out a can of mace and subsequently called the (A1) response unit.

16. The camera footage of the living unit will show plaintiff went to his cell and got the items he needed to shower.

17. A short wile later defendants Baker, Jones and Falck responded to the code called by Vsetecka.

18. Baker and plaintiff had a conversation about what lead to the code being called. Plaintiff advised Baker that for whatever reason Vsetecka was trying to get him to shower on his time and that closing the cell door was causing unnecessary strife and discontent.

19. After our discussion Baker, Jones and Falck walked away and behaved as if the fact they were called to the unit for something so petty was an annoyance. At that point plaintiff believed the matter was resolved and no longer an issue.

20. Vsetecka again closed plaintiff's door.

(4)

21. Baker, Jones and Falck had a conversation among themselves and then returned to plaintiff's cell and gave him an order to "cuff up."

22. Plaintiff stated that he was under the impression the matter was resolved and didn't understand what was going on.

23. While having the discussion with Baker plaintiff had his shower stuff in his hands.

24. Out of nowhere Baker reached out and grabbed plaintiff's arm. The sudden move shocked plaintiff and he instinctively snatched his arm back.

25. In reaction to plaintiff's movement, one of the officers punched plaintiff in the side of the head. Plaintiff was stunned as such an unlawful action was unnecessary.

26. At that point compulsion and fear kicked in as plaintiff believed the officers were out to do serious physical harm to him so he began to fight back.

27. At some point during the scuffle additonal officers showed up to the scene, one of which was (FNU) Simmons.

28. During the incident plaintiff was able to push some of the officers back but they were sucessful in getting shackles around his ankles.

29. At some point plaintiff was lifted off his feet about three feet and abruptly slammed to the ground.

(5)

16

30. The slamming of petitioner caused all the breath to be knocked out of him, his back to be twisted at an odd angle, and his right elbow to be slammed into the ground.

31. While layed out on the floor the officers were able to get handcuffs on the plaintiff.

32. Also while on the ground plaintiff had multiple officers on his back applying their weight which was making it extremely hard for him to breathe.

33. Officer Baker put plaintiff in a headlock and began to sadistically and maliciously beat him.

34. After the beating he began choking the petitioner so hard he was afraid of losing consciousness.

35. In fear for his life, and as a last resort, as plaintiff's hands were restrained behind his back, plaintiff bit Baker on his arm in an attempt to get him to stop choking him.

36. During the scuffle plaintiff was gasping "can't breathe" and the officers failed to take any action that would indicate they cared.

37. Plaintiff could hear inmates saying, "y'all see he cant breathe, let the man up!" The comments fell on deaf ears.

38. When plaintiff was finally raised to his feet

(6)

17

to be placed in a wheelchair, Baker reached out and grabbed plaintiff by the throat with both hands — without any scuffling or resisting from plaintiff — and again maliciously and sadistically choked him.

39. While plaintiff was choked on multiple occasions none of the officers present, including Vsetecka and Simmons, intervened in any way to stop the unlawful acts.

40. Upon knowledge and belief all the chokes used by Baker, especially bearhugging plaintiff's neck while choking him, are banned by KDOC policy and procedure.

41. The entire incident complained of here was caught on both the living unit camera as well as the hand-held camera in the response team's possession.

42. Upon knowlede and belief defendant Baker was disciplined by the prison administration for the actions he took against the plaintiff, resulting in a loss of his rank.

43. Kansas Department of Corrections ("KDOC") policy and procedure, specifically ImPP 12-111, makes clear that physical force used by staff shall not be used in a punitive or abusive manner. Further, when force is used the type of force used must be reasonable given the situation.

(8)

44. Upon knowledge and belief the actions of the defendants were done in a punitive and abusive manner and was not reasonable given the situation.

45. Pursuant to KDOC policy and procedure each officer involved in the use of force must prepare a use of force report before leaving work for that day.

46. Plaintiff was photographed after the incident pursuant to KDOC policy. Among other things those photos will show a deep laceration on plaintiff's right ankle as a result of the leg restraints digging into it when he was slammed to the ground.

47. Pursuant to KDOC policy and procedure any video recordings and photos in existence in regards to the use of force must be preserved for a minimum of 3 years.

48. As a result of the beating, slamming and choking of plaintiff he received multiple injuries: a gash in his right ankle with accompanying nerve damage, a large cyst on his right elbow that is growing, and a painful mid-back injury that is worsening over time.

49. Plaintiff has been seen by medical professionals in regards to his injuries and continues to receive treatment

50. After the incident plaintiff communicated with the office of the secretary of corrections in an attempt to be transferred from Larned because he was in fear for

19)

his life.

51. Discovery and review of the camera footage is neccesary to determine each defendant's participation in the incident.

Exhaustion of administrative remedies

52. The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

Claims for relief

53. The actions of defendant Doe in punching plaintiff in the head without need or provocation was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

54. The actions of defendants Baker, Jones and Falck in picking up plaintiff high off the ground and slamming him, which resulted in multiple serious injuries, was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

55. The actions of defendant Baker in choking plaintiff on multiple occasions without need or provocation, and in Jones, Falck, Useteka and Simmons failing to intervene to prevent the misuse of force, was

Amender Claims for relief:

20)

In 2010 the Supreme Court made it clear that A Prisoner can win An Excessive Force Case even if they Are not Seriously Injured Wilkins v. Gaddy 559 US. 34 (2010). In Wilkins the Suprem Court explained that A Beating is excessive Force even if it Doesn't Result in Injuries that Require medical Care

1) The most Important thing to Prove is whether Force was Applied in good Faith effort to Maintain or Restore Discipline or, maliciously And Sadistically to Cause Harm   2) For example, ONE Court Found A eight Amendment Violation when An officer Repeatedly Hitt A Prisoner even though the prisoner had Immediately obeyed And Order to lie Face Down on the Floor And was Already Being Restrained by four other officers. Estate of Davis By Ostenfeld v Delo, 115 F. 33, 1388 8th Cir 1997). In Anther Successfull Case the Prisoner was Hand cuffed And (Hit) Several Times in the Head And Shoulders while in A Kneeling Position.

Note But in Plaintiff Kidds Petition The Defendant Baker was not In good Fait or to maintain. Order Baker was Acting maliciously And Sadistically to Cause Harm Becouse the Camara Foot Age would Show the Defendant Baker Threw Punches from the start to End Aimed At mr Kidds Head the Hole Time wile Kida was Already (Subdued) And Defendant Baker was not even Bit At the Time He was Aiming Punches And Hiting Plaintiff in His Head.

21)

An excessive Force claim Involves two Prong 1)
And objective Prong that Asks if the Alleged wrong doing was
objectively Harmfull enough to establish A Constitutional
Violation, And (2) A Subjective Prong under which the plaintiff
must show that the officals Acted with A Sufficiently Culpable
state of mind Giron v. Corr. Corp. of America 191 F. 3d 1281
, 1289 (10th Cir 1999) An official Has A Culpable state of Mind
if He uses force Maliciously And Sadistically for the Very purpose
of Causing Harm Rather than in good faith effort to Maintain
or Restor discipline" Redmond V. Crowther. 882 F. 3d 927.
936 - 37 10 th Cir 2018) (Quoting WHitley V. Alberr 475 US. 312
320 -21 (1986) (Note) 1) Plaintiff Kidd Recieved the (DSR) Report
states Defendant Baker struck Plaintiff Kidd in the Head
multiple Times to make Kidd Release His Bite. Note
THAT would Be understandAble if True 2) The CAMARDA FootAge would
showe DefendAnd Baker First. Punches THew was Aimed At
Plaintiff Kidds Head wile Plaintiff was Already Subdued 3) its
was said Defendant Baker Punched Plaintiff Multiple
Time in His Biceps An Approved Technique when
A Inmate is Resisting Being Cuffed 4) Note the Plaintiff
was Already Subdued, And the only Time Kidd Resisted
was Pushing the GAurds BACK So they Could not Trap Him
in that Cell Room

22

it's clear Defendant Baker First Punches Thrown
Aim At Mr Kidd the plaintiff Head not His Bicep. 5)
it's clear the Defendant Baker struck Plaintiff in the
Head Put, it's clear the Subjective prongs 2) the Defendant
Baker was not Acting In A good Faith on to maintain
order 6) Defendant Baker was Acting Maliciously And
Sadistically for the very purpose to Causing Harm 7) Because
The Camaro Footage would showe the Defendant Baker
Threw Punches from the start to End Aimed At Mr Kidds
Head the Hole Time wile the Plaintiff was Already Subdued
By Tyler Jones who's About 320 pounds Defendant
Danny-Bentley About 310 pound Kneeling on the
Plaintiff Kidd Back And Ribbs Causing Asphyxiation
There Been (Laws) Pasted About This (Tactic) with
Baker Add on the Plaintiff Neck And Back that
Abut Eight (Hundred) (pound) on Plaintiff Back for About Four
minuets that's Emotionaly Hard when Baker And
The Defendants Crawling your Back. Note 8) the Camara
Foot Age would showe the Defendant Baker Threw Punches
from the start to End Aimed At Mr Kidds Head
The Hole Time wile the Plaintiff was Alread Subdued
And Defendant Baker was not even Bit At the Time
He was Aiming Punches And hiting Plaintiff
In His Head that emotional

Wher Fore Plaintiff Requests that the courts Grant the Following Relief "Punative Damage" on

23)

A.) Jeremy Baker~is Sued Individually And their official Capacities working for the (KDOC). CHoKing And Punching Plaintiff wile Subdued And not Following Policy By not Having the Hand Held Camara, for Force cell moves    275,000 Against

2) Tyler Jones is Sued Individually And their official Capacities work for the (KDOC) Knelling on Plaintiff Back And Side Asphyxiating Plaintiff Cousing Harm to Plaintiff Back, And not Following Policy By not Having the Hand Held Camara, for Force Cell moves!    275,000 Against

3) Danny Bentley is Sued Individually And their official Capacities work for the (KDOC) Knelling on Plaintiff Back And Side Asphy xiating Plaintiff. And not Following Polcey By not Having the Hand Held Camara for Force cell moves    275,000 Against

4) Jason .Vseteoka is Sued Individually And their official Capacities work for the (KDOC) Playing A Part in Hunting the Plaintiff Back   275.000   Against

Thats 1.1 million Jointly for the Physical And emotional Injuries result of the Plaintiff Beating!

24)

B) Award Compensatory Damages
   Amount
        100,000 Against Defendant Baker
        100,000 Against Defendant Jones
new Name!  100,000 Against Defendat Bentley
        50.000 Against V. Setecka
        50.000 Against Simmons


C) Plaintiff "Kidd" Had no Plan, Adequate or Complet Remedy
to Law to redress the wrongs described Herein Plaintiff
Kidd Had Been And will Continue to be Irreparably
Injured By the Conduct of the defendants unless this
Court Grant the declary And Injunctive Relief the
Punative Relief which Plaintiff Seek. Caused Plaintiff
Kidd Pain Suffering Physical Injury And emotional
Distress .       ( Pray for Relief ). Where fore
   Plaintiff Respectfully Pray that this Court enter
Judment 1). Grant Plaintiff Kidd declaration that the
Acts And Omission described Herein Violates His
Right under the Constitution And Law of the
United states Compensatory Damages And Punative
Damage of 1.5 Million Regarding Kidds
Prison Conditions

25

The grievance procedure" - As it is the Apparent
Policy that the KDOC Place Any inmate that Has Been
in An Altercation with Security staff in Long Term Segregation
And on (OSR) Status. Regarless if they Are the victim or
Aggressor. Kidd use of the Grievance Procedure was
Proper. Further because I expressed my Inability to do
Any legal research or discover my rights And remedies
in regard to the beating I'm Talking About My
Conditions of Confinement which is exactly what the
Grievance procedure for. Not personal Injury claim
Process.

The united states Suprem Court Has Dealth
with prison officials that "Create Procedural
Requirements for the parpose of tripping up All But
the most skill full prisoners in the most unkind Fashion
, Woodford V. Ngo 548 U.S 81. 102,126 Sct 2378 (2006
Further Compliance with prison grievance procedures...
is All that is Required by the PLRA to properly
ex Haust " Jones V. Bock 549 US 199.218 (2007)
My Issues I Have Brought forth in my Grievence
Are Proper And worthy of Attention/And Fair
Consideration!

26)

Good CASE for "GRIEVANCE"

Subil v. U.S Marshal. 2008 WL 835712.
C.N.0. I Nd MAR, 24 2008) Declining to Dismiss
for Non exHAustion when grievance was not filed
in the Normal channels. But the Final Reviewing Authority
Accepted And Responded to it. Note the same (THING/What)
Happed in the plaintiff Kidd GRievANce Plus pititioner
exHAusted Administrative!

Another Good CASE! Strope V. Collins. 2006
WL 3390393 KRetchmar V. BeARd. 2006 WL
2038687 *5 (E.D. PA July 18. 2006) (When the
MeRits of A Prisoner's claim Have Been fully
exAmined And Ruled upon By the ultimate
Administrative Authority. PRison officials
Can no Longer Asser the defense of FAilure to
exHAust even if the inmate did not follow
Proper Administrative procedure Note Put
The petitioner Kidd Did exHAuted Administrative
procedures GRievence ARe Proper And Worthy of
Attention / And FAir Consideration!

27)

# UNITED STATES DISTRICT COURT
## District of Kansas

ANTHONY KIDD,
_____
(Plaintiff/Petitioner)

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES
AND AFFIDAVIT BY A PRISONER**

JEREMY BAKER, et al.,
_____
(Defendant/Respondent)

**CASE NUMBER**

I, _Anthony Kidd_, declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees
or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that
I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

    1. Are you currently incarcerated?   ☒ Yes          ☐No   (If "No," go to Part 2)

        If "Yes," state the place of your incarceration   _El Dorado Correctional Facility_
        Are you employed at the institution?      _No_
        Do you receive any payment from the institution?   _NO_
        Attach a ledger sheet from the institution(s) of your incarceration showing at least the
        past **six** months' transactions .   _see attached inmate trust statement_

    2. Do you have **any** cash or checking or savings accounts? ☐ Yes ☒ No

        If "Yes," state the total amount.   _N/A_



Z 8

3. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?      ☐ Yes    ☒ No

If "Yes," describe the property and state its value.

N/A

I declare under penalty of perjury that the above information is true and correct.

Signed at:    1737 S.E. US Hwy. 54
                    (Location)

                  5/17/22
                    (Date)

_Anthony S Kidd_
                    (Signature)

                  93399
                    (Inmate Number)

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

19

5/18/2022        15:35:31          Kansas Department of Corrections              PGM - BKR0050B          Page   1
                                       Inmate Account Statement

Inmate:  0093399 KIDD,ANTHONY,S

| | Total Deposits | Average Cash Balance* | Average Forced Savings¹ Balance* | Average Mandatory Savings² Balance*** |
|---|---|---|---|---|
| November: | 129.40 | 419.54 | 748.07 | .00 |
| December: | 27.60 | 337.40 | 755.07 | .00 |
| January: | 27.65 | 238.09 | 755.07 | .00 |
| February: | 16.65 | 173.92 | 755.07 | .00 |
| March: | 100.00 | 112.96 | 760.88 | .00 |
| April: | 150.00 | 95.61 | 773.07 | .00 |
| Total all Months: | 451.30 | 1377.52 | 4547.23 | .00 |

Average for Preceding Months:**    75.22          229.59          757.87          .00

Current Available Balance as of  5/18/2022:    43.98          784.07

*NOTE:     The average balance is calculated from the account data for the inmate
           location at the time interest is posted to his/her account for cash,
           forced savings, and mandatory savings.

**NOTE:    Average balance for preceding months is calculated from only
           months for which interest has been posted.

***NOTE:   Mandatory savings cannot be spent on court costs or attorney
           fees pursuant to statute and the Kansas Department of Corrections policy.

This is to certify that this statement represents a true summary of
deposits and average daily balances for the period shown.  The
current balance of available funds is as reflected in the above statement.

Certify Correct:
KANSAS DEPARTMENT OF CORRECTIONS          _Jessica Ramsdell_        05/18/2022
714 SW Jackson, Suite 300                  Signature of Authorized      Date
Topeka                KS   66603-0000       Accountant I
                                            Position

¹Forced Savings is established per Internal Management Policy and Procedure 04-103.
²Mandatory Savings is established per K.S.A. 75-5268 1(g).



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor



February 23, 2022

TO:    0093399 Kidd, Anthony

El Dorado Correctional Facility

RE:    Correspondence

I received your letter asking for a review of a use of force that took place on 12-28-2021 at the Larned Correctional Facility.

All uses of force are reviewed.  If there are any issues discovered in the process, regarding staff actions, it will be addressed. You will not be notified of any outcome regarding personnel.

If there is something more specific that you need addressed, please correspond with the appropriate personnel.

Sincerely,

Darcie Holthaus CMII
Facility Management

cc:    Correspondence
Warden Williams
w/attachments

RECEIVED
APR 20 2022
WARDEN'S OFFICE

( Petition to KANSAS Department of )
                        CORRECTION                    31)

Anthony S Kidd #93399
2CMHE
1318 KS Hwy 264
JARNED KS 6755

<u>INVestigATion</u> " The CAMERA from the F/3 HALLWAY 12/28/21
IN ZARNED And (A1) Respones CAMERA would
Show BAKER J. Stumbled BeCouse I SNACHed
MY ARM Away from Him thats when it BeCAME
A Scuffful! The STAFF And HALLWAY CAMERA would
Refeal wile my HANds were BeHINed MY BACK for HANd
CuFFing COII BAKER used (A buses of force) Be Couse
wile I inmate #93399 HANds were in PIACE for
HANd CUFFing BeHINed My BACK, COII·BAKER WAS
BeAR Hugging I MR Kidds Neck, ChoKing ME
The STAFF And F/3 HALLWAY CAMERA would show
- COII (BAKER) used two Types of ChoKes wich
WAS (Abuses of force) The CAMERA would show
The other officers puting All there WAIght on My
BACK So I Couldn't BREAth these TACKTic
Are BAND even from A Police doing Them, I WAS
FAIghTing for my ZiFe As I were BeiNg Punched
on By COII BAKER you CANt MAKE this up IN A
Movie My feet WAS CuFF (1) up Also

32)

These isses were Like BlAck LifE mAtter And George, Floyds except I didn4 Die wich I'm ThAnkfull But There Fore ( I Should Be PAyed) for Theses officers (Abuses of ForcE And BAd Actes! with out Any Public Newsor lAwyers And I'm up to TAlking to Any of your out side InvestigAters on A Fixed Price of these officers (Abuses of ForcE And BAd Acts

Sent 11 DAy Feb 2022 (714 SW JAckson, Suite 300)
ONE Copye To -KAnsas DepArtment of Correction
Topeka. KA 66603

Anthony S Kidd 2/11/22

NOTARY PUBLIC - State of Kansas
TRAVIS GETTY
My Appt Expires 5/01/2022

(2)

Travis Getty 2/11/22

23



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

February 28, 2022

TO:   0093399 Kidd, Anthony

Larned Correctional Facility

RE:   Correspondence

I received your informal letter to the Secretary of Corrections.  These issues have already been addressed and these complaints are repetitive.

KAR 44-15-102 (d) (3) No offender shall abuse the grievance system by repeatedly filing the same complaint.

For this reason, your repetitive grievance issue by letter is being returned to you without substantive response.

Sincerely,

Darcie Holthaus CMII
Facility Management

cc:   Correspondence
Warden Easley
w/attachments

INMATE COPY

RECEIVED

APR 2 9 2022

EDCF

"Petition to Secretary of Corrections"

Anthony S Kidd #93399                                    RECEIVED    34)
L C M H F
1318 Ks Hwy 264                                            FEB 23
Larned Ks 6755

ONE "
IN      Petitioning I mr Kidd Being put on OSR. Struce utm
EAR,
Facts to (Reconsiten My OSR) And Tranter Me Becouse I'm the
on officers - who ever wrote the OSR Report Said I
IN mate, Refused Orders to be Restrained And Punched
An officer in the Side of the Head - But Fale to under
stand the officers Anesseyate the Contack By CrAbing
me - At that Point I SnAch my Arm from Coll
BAKen' And Recieved A Punch on the Side of my Head
Compession Kick in And I started fighting for my life
They Also state I Bit An officer And Refised to Let
go! - But Fale to under stand My HANds Behined my
Back I stop Becouse I Could Not BreAve And My feet
Were Cuffed Also - And wy would Any officer Be (Around)
my Neck or Moth ?. I Bit officer Becouse I was
Being punched And choked I was under stress
fighting for my life, officers SAying Force Had to Be
Used to get me to stop - But Fale to under stand wile I
was Being RAised up to Be put IN A well CHAIR NO
Scuffuling Coll J-Baken cholled I Mr Kidd 93399
AgAIN with Closed HANds

INMATE COPY RECEIVED
APR 2 9 2022
EDCF

35)

From My under standing COll J Baker RANK WAS TAKing! And How the officers clame Force Had to Be MADE, it WAS Five officer oN ONE MAN CUFFed up Struze utm or officers who ever wrote the OSR Report stated ONCE thk WAS done He then made treats to Attack the officers that were INvolved when He's Released from SegregAtion Took yes I SAid I WAS going to get Them (But NOT By Force!) I ment (By PAPER work The Abruce of Force Issue) - it's Bad How others CAN OpenioN And SpecuLate How others THink with out First Talking with I MR Kidd Like Ai: THAt's A Form of (Prejudice) And - wy Would I do Sumeting to Any of those officers that So dum when I've Asked the Secretary of Correction to Come, Review the CAmeraes oN this Abruce of Force! I'm Proven the officers WAS the Aggressors And Anesseyate the CONtACk! And Asking LCMHF To Reconsiten/ My "OSR" And TranFed/ME Becouse I'm the ONE IN FeAR. Please And THANk You!

Certificat of Service

ONE Coxpye To - KANSAS DepArtmen t of Correction Sent 17 Day Feb — 2022.   714 Sw JACKSON Suite 300 Tope KA, KS 66603 INMATE CO

NOTARY PUBLIC - State of Kansas
TRAVIS GETTY
My Appt Expires 5/01/2022

RECEIVED  RECEIVED
APR 29 2022  APR 29 2022
EDCF  ED

Mr. Anthony Kidd # 93399
E.D.C.F. 1737 S.E. U.S. Hwy 54
El Dorado, KS 67042-0311

36

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

ANTHONY KIDD,

    Plaintiff,

VS.          Case No.

JEREMY BAKER, et al,

    Defendants.

## MOTION FOR THE APPOINTMENT
## OF COUNSEL

Plaintiff, Anthony Kidd, pursuant to 28 U.S.C. § 1915, requests this Court to appoint counsel to represent him in this case for the following reasons:

1. The plaintiff is unable to afford counsel.
2. The issues involved in this case are complex.
3. The plaintiff is a segregation inmate and has an extremely limited ability to access the law library.
4. Since plaintiff has been contemplating filing this suit he has wrote letters to multipe attorneys asking them to handle his case but he has been unsuccessful

(i)

37

in securing representation.

5. Plaintiff has no knowledge of the law and is proceeding with the assistance of another prisoner.

WHEREFORE, and because of the above, this Honorable Court should appoint counsel to represent the plaintiff.

Respectfully Submitted,
Anthony S Kidd #93399
Anthony Kidd
E.D.C.F. 1737 SE. US. Hwy. 54
El Dorado, KS 67042-0311

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he hand delivered the above MOTION FOR THE APPOINTMENT OF COUNSEL to prison officials for e-filing to the United States District Court, District of Kansas, on this ___th day of _____ 2022.

Anthony S Kidd
Anthony Kidd

38

Date:       April 16, 2022

To:         Anthony Kidd, #93399

From:       Steven C. Sherwood, Attorney
            Legal Services for Prisoners, Inc.

Mr. Kidd:

This office is not "In House Lawyer for the administration," and has no
relationship to the DOC other than providing assistance to the offenders they
house. In that capacity we have limited authority, which does not include giving
advice or consultation on recovery of property, money or damages. If you want
counsel for such a purpose, I am limited to suggesting you contact the Kansas
Bar Association, Lawyer Referral Service, 1200 S.W. Harrison St., Topeka,
Kansas, 66612, or the Wichita Bar Association, Lawyer Referral Service, 225 N.
Market, Suite 200, Wichita, Kansas, 67202. Perhaps one of these resources will
be able to give you assistance. You may want to consider the use of a petition
pursuant to 42 USC 1983, which is a pro se proceeding in federal court which is
designed for use by inmates without counsel and allows for the recovery of
damages. Also, I would suggest that you follow the grievance procedure as
outlined in the inmate rule book rather than sending letters directly to the
Secretary, as failure to do so may invalidate your efforts at exhaustion.


Steven C. Sherwood, Attorney
SCS/ms

29

# Kansas Department of Corrections
## Account Withdrawal Request
(Complete One Request per Form)
**Attach letter and addressed/stamped envelope when required**

Printed Name: _Anthony S Kidd_   Number: _# 93399_   Facility: _EdCF_   Unit/Cell Location: _B/228_   Date: _5/23/22_

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To:

Name: _____

$ _____
Check Amount

Address: _____

City, State, Zip: _____

Purpose/Inmate Benefit Fund Group: _____

```
┌─────────────────────────────────────────┐
│           Title of Publication*          │
│      Frequency – (Circle One)            │
│   Yearly Monthly Weekly Daily Other      │
│                                          │
│   Number of Issues _____          │
│   Expiration Date _____           │
│   Publication Price _____         │
│                                          │
│   *Book, Magazine or News Paper          │
│        (Per IMPP 11-101)                 │
└─────────────────────────────────────────┘
```

I request the use of Forced Savings as provided in IMPP 04-103, for:
(Documentation Required)

☐ Community Identification
☐ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

---

(To Be Completed by Mailroom)

$ _____
Postage Amount

Verified By _____

## Postage – (To Be Completed by Inmate)

☐ Postage

☑ Legal/Official Postage
(Per K.A.R. 44-12-601)

☐ Certified
(Only if Funds are Available)

To: _American Civil Liberties_
Name

Address: _Union 125 Broad St_

City, State, Zip: _18 Floor New York_

Reason: _____

---

Inmate Signature: _Anthony S Kidd_   Date: _5/23/22_

Unit Team Approval: _UTS Reeves_   _$43.98_   Date: _05/24/22_

Handicraft Approval (If Applicable) _____   Date _____

Religious Approval (If Applicable) _____   Date _____

```
┌──────────────────────────────────────────────────────────────┐
│                          ☐ Applies to Outgoing Funds Limit    │
│                          ☐ Does Not Apply to Outgoing Funds   │
│                            Limit                               │
│  Exception Approval    Date   ☐ Use of Forced Savings Approval │
│                                 as requested above            │
└──────────────────────────────────────────────────────────────┘
```

This withdrawal request is being returned for the following reason(s):

| | |
|---|---|
| ___ Insufficient Funds | ___ Payee Missing |
| ___ Signature Missing | ___ Insufficient Address |
| ___ Exceeds Spending Limit | ___ Amount Missing |
| ___ Incentive Level | ___ Name/Number – Do Not Match |
| ___ Envelope/Order/Stamp Missing | ___ Illegible Information |
| ___ Unauthorized Per IMPP/KAR ___ | ___ Other ___ |

Account Processor _____   Date Withdrawn _____   Acct. Use _____

1504a

40

me. Anthony Kidd #93399
E.D.C.F. 1737 SE, US, Hwy, 54
El Dorado, KS 67042-0311

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

ANTHONY KIDD,                    )
    Plaintiff,               )
                 )
    vs.                        )   Case No.
                 )
JEREMY BAKER, et al.,            )
    Defendants.               )

### DECLARATION IN SUPPORT OF PLAINTIFF'S
### FOR THE APPOINTMENT OF COUNSEL

ANTHONY KIDD states:

    1. I am the plaintiff in the above-entitled case. I make this declaration in support of my motion for this appointment of counsel.

    2. The complaint in this case alleges that the plaintiff was subjected to the misuse of force by numerous correctional officers, some of whom actively punched and choked him and others of whom watched and failed to intervene.

    3. This is a complex case because plaintiff suffered multiple injuries as a result of the excessive use of force. As such, medical professionals will need to be deposed, inmate witnesses will need to be interviewed and other discovery conducted.

1)

41.)

4. The case will require expert testimony plaintiff can't aquire.

5. The plaintiff has demanded a jury trial.

6. The testimony of defendants, medical staff, and plaintiff will be in sharp conflict since the plaintiff alleges that the defendants assaulted him, while the defendants will allege that the plaintiff assaulted them.

7. The plaintiff has only a high school education and no legal education whatsoever.

8. The plaintiff has been placed in long-term administrative segregation as a result of his run in with correctional staff. For this reason, he has very limited access to legal materials and has no ability to investigate the facts of the case, for example, by locating and interviewing other inmates who were eyewitnesses to his beating.

9. These facts, along with the legal merit of plaintiff's claims, support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for appointment of counsel should be granted.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 17th day of May, 2022.

_Anthony Kidd #93399_

Anthony Kidd
Declarant

B¹ 228

**Kansas**
AD ASTRA PER ASPERA
Department of Corrections

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

42

June 9, 2022

TO:   0093399 Kidd, Anthony

El Dorado Correctional Facility

RE:   Invalid Grievance

I received your correspondence that included an unnumbered grievance.

KAR 44-15-101 (a)(d)(2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

Your complaint is clearly about the classification decision making process.  KAR 44-15-101 (a)(d)(2) prohibits use of the grievance procedure to address this concern.

Your placement is due to your actions and it is not grievable.

Sincerely,

Darcie Holthaus CMII
Facility Management

cc:    Warden Williams
       w/attachments
Image: SOCRESP
       w/attachments

RECEIVED
JUN 1 4 2022
WARDEN'S OFFICE

33

RECEIVED

JUN 0 8 2022

DOC Facility Management Area

To Secretary of Connections
714 S.W Jackson, Suite 300
Topeka, Ks 66603
From: Anthony S Kidd          May/28/2022
       EDCF Po Box 311
El DonAdo, Ks, 67042-0311

43

RE: UNANSWERED GRIEVANCE!

Dear Secretary: Enclosed please A Copy of the
grievance that the Warden of this facility Has
fail to Address even though it Has Been on His
desk over the Ten day deadLine, I'm now forwarding it
To your office Pursuant to KAR § 44-15-102, which states
    (G) if no response is received from the warden in
The Time Allowed, Any grievance may be sent by An Inmate
to the Secretary of Connection with An explanation
of the Reason for the delay!

    Attached/you'll see Copies of My Grievance
Recipts showing I Have Followed the grievance process
to the Letter, The Warden Had until May/27/2022
To Give me A Response And Fail to do so I Hope you
    Give my claims Due Consideration. Thank you for
    your Time And Assistance.  (Respectfully)
                                Anthony S Kidd

CC: File

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

44

Inmate Name: ANTHONY KIDD _____ Facility: El Dorado Correctional Facility

Inmate Number: 93399 _____ Grievance Serial No.: _____

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:   Kansas Department of Corrections           Date Mailed: 5/28/22
           714 SW Jackson
           Suite 300
           Topeka, KS  66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take.  (Use extra paper as needed.)

( SEE ATTACHED DOCUMENTATION )

Anthony S Kidd
Signature of Inmate   # 93399

---

### DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____        Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

---

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code        01, 02, 08 or 09) _____        35

DC 090, Effective May 21, 2014

45)



Landon State Office Building
900 SW Jackson, 4th Floor
Topeka, KS 66612

phone:  (785) 296-3317
fax:  (785) 296-0014
kdocpub@doc.ks.gov
www.doc.ks.gov

# Kansas

Jeff Zmuda, Secretary of Corrections

Department of Corrections

Laura Kelly, Governor

**TO:** Kidd, Anthony #93399 B1-228

**DATE:** May 17th, 2022

**SUBJECT:** Grievance

**FROM:** Jeremy Hoepner
Unit Manager B Cell House

**FINDINGS OF FACT:  I received a grievance from you on 5/16/2022. In your grievance you report staff at LCMHF caused physical harm to you during an incident that took place while you were housed at their facility on 12/21/2021. In addition, you report you were the victim in the incident, and request to be released from Restrictive Housing, and removed from OSR status.**

**CONCLUSIONS MADE:   The incident that you allege took place on 12/21/2021, happened at LCMHF. This was prior to your transfer to EDCF on 2/22/2022. There is limited access to the information you allege, due to the information being at another facility, and of which did not occur at the El Dorado Correctional Facility.**

**ACTION TAKEN:  Pursuant to KAR 44-15-101a, D (2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claim procedure. Your timeframe to file a personal injury claim over the incidents you allege at LCMHF have expired, as they are over the time limits to do so. I encourage you to attend monthly Restrictive Housing Review, and work on a plan to release from RHU, and out to general population here at EDCF. Your current placement is accurate based on your DR history, and the nature of the DR's you have received. No further action required at this time.**



Jeremy Hoepner Unit Manager BCH

**CC: Inmate**

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM   46

### INMATE COMPLAINT

Inmate's Name _Anthony Kidd_          Number _93399_

Facility _E.D.C.F._          Housing Unit _B1-228_          Work Detail _N/A_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

[ Please see attached )

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _5/16/22_

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

X See Attached X.

_____ UTM 5/17/22
Unit Team Signature                                  Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__XX__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_Anthony Kidd_                                  _5/17/22_
Inmate Signature                                  Date

**`WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____   _____   _____   _____
Inmate's Signature          Date     Unit Team Signature          Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

### TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number _____

Type of Complaint (Item 4: Code 01-75) _____   _____

Cause of Complaint (Item 5: Code 01-30) _____   _____

Type of Response (Item 6a: Code 01,02,08 or 09) _____   _____

4D)

K.A.R. 44-15-101a Grievance Procedure states at section (d)(1):

"The grievance procedure shall be applicable is to a broad range of matters that directly affect the inmate including the following

(1) Complaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections."

As it is the apparent policy that the KDOC places any inmate that has been in an altercation with security staff in long-term segregation and on OSR status, regardless if they are the victim or aggressor, my use of the grievance procedure was proper. Further, because I expressed my inability to do any legal research or discover my rights and remedies in regard to the hearing I am talking about my "conditions" of confinement, which is exactly what the grievance procedure, not personal injury claim process, is designed to address.

The United States Supreme Court has dealt with prison officials that "create procedural requirements for the purpose of tripping up all but the most skillful prisoners" in the most unkind fashion. Woodford v. Ngo, 548 U.S. 81, 102, 126 S.Ct. 2378 (2006)

(7)   ; 39)

48)

## GRIEVANCE APPEAL TO SECRETARY OF CORRECTIONS

The answer given by Unit Team Hoepner is rediculous. He states in his findings of fact that I state LCMHF caused me physical harm, that I am the victim in the incident, that I request to be released from Restrictive Housing, and removed from Other Security Risk ("OSR") status. He is correct in that analysis.

Where he goes very wrong is in his ACTION TAKEN section. He cites 44-15-101a (d)(3), which states the grievance process shall not be used as a substitute for the property loss or personal injury claim procedure. and that my "timeframe to file a personal injury claim over the incidents [I] allege at LCMHF have expired, as they are over the time limits to do so."

Unit Team Hoepner is trying to be slick. He knows full well the personal injury procedure does not encompass a request to be released from Restrictive Housing or taken off OSR status. In fact, such requests are prohibited. What Hoepner is attempting to do, and what I won't stand for, is bar me from pursuing litigation against prison officials under the scheme that I used the wrong administrative process to seek relief. He has the right plan but he has the wrong man.

38

49

Further, "compliance with prison grievance procedures... is all that is required by the PLRA to properly exhaust." <u>Jones V. Bock</u>, 549 U.S. 199, 218 (2007) My issues I have brought forth in my grievance are proper and worthy of attention and fair consideration.

<u>RELIEF SOUGHT</u>

Just as I said in my grievance, I'm requesting to be released from long-term segregation and taken off OSR Status so I can have access to the law library. I was beaten by officers at another prison, I am not a security risk at EDCF.

Respectfully Submitted,

Anthony S Kidd #93399
Anthony Kidd

cc: File



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042



# Kansas
### Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary

Laura Kelly, Governor

Tommy Williams, Warden

**Date:** JUN - 3 2022

**TO:** Kidd, Anthony #93399 B1-228

**Re:** Grievance Concerning: K.A.R. 44-15-101a (d) (2) Grievance Procedures and Alternative K.A.R and/or I.M.P.P.

I have reviewed your complaint along with the response provided by UTM J. Hoepner.  Based on my review, I feel no further action is necessary.  According to KAR 44-15-101a (d) (2):  The grievance procedure shall not be used in any way as a substitute for, or as part of; the offender disciplinary procedure, the classification-making process, or the property loss or personal injury claims procedure or the procedure for censorship of publications specified in the Secretary's Internal Management Policy and Procedure.   The grievance system shall not challenge the decision of these other procedures.

   However, the correct procedures are:
- Disciplinary Reports-K.A.R. 44-13-701 et seq.
- ***Classification Decision Making- I.M.P.P. 11-106 section V.***
- Property Loss-K.A.R. 44-16-102 and I.M.P.P. 01-118
- Personal Injury-K.A.R. 44-16-104a and I.M.P.P. 01-118
- Censorship-I.M.P.P. 12-134
- Custody Classification Appeals – I.M.P.P. 11-106 section III B 3

Furthermore, as stated in K.A.R. 44-15-102 (G)(C)(1):  "If the warden's answer is not satisfactory, the offender may appeal to the secretary's office by indicating on the grievance appeal form exactly what the offender is displeased with and what action the offender believes the secretary should take.  The offender's appeal shall be made within three calendar days of receipt of the warden's decision or within three calendar days of the deadline for that decision, whichever is earlier.

Tommy Williams, Warden
El Dorado Correctional Facility

Cc: Offender
  File
  UTM J. Hoepner



51)

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name __Anthony Kidd__          Number __93399__

Facility __E.DCF.__          Housing Unit __B1-228__          Work Detail __N/A__

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

( Please see attached )

Date this report was given to Unit Team for informal resolution (to be completed by inmate). __5/18/22__

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

X See Attached X.

_____ UTM 5/17/22
Unit Team Signature                    Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

__Anthony Kidd__          __5/17/22__
Inmate Signature                    Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received __MAY 27 2022__    Date of Final Answer __JUN - 3 2022__    Date Returned to Inmate __6-6-2022__

_____          __6-6-2022__
Inmate's Signature          Date          Unit Team Signature          Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number          RECEIVED

Type of Complaint (Item 4: Code 01-75) _____    Classification MAY 27 2022

Cause of Complaint (Item 5: Code 01-30) _____    Issue

Type of Response (Item 6a: Code 01,02,08 or 09) _____    WARDEN'S OFFICE



Landon State Office Building
900 SW Jackson, 4ᵗʰ Floor
Topeka, KS 66612

phone: (785) 296-3317
fax: (785) 296-0014
kdocpub@doc.ks.gov
www.doc.ks.gov

**Kansas**

Laura Kelly, Governor

Jeff Zmuda, Secretary of Corrections

Department of Corrections

**TO:** Kidd, Anthony #93399 B1-228

**DATE:** May 17ᵗʰ, 2022

**SUBJECT:** Grievance

**FROM:** Jeremy Hoepner
Unit Manager B Cell House

**FINDINGS OF FACT:** I received a grievance from you on 5/16/2022. In your grievance you report staff at LCMHF caused physical harm to you during an incident that took place while you were housed at their facility on 12/21/2021. In addition, you report you were the victim in the incident, and request to be released from Restrictive Housing, and removed from OSR status.

**CONCLUSIONS MADE:** The incident that you allege took place on 12/21/2021, happened at LCMHF. This was prior to your transfer to EDCF on 2/22/2022. There is limited access to the information you allege, due to the information being at another facility, and of which did not occur at the El Dorado Correctional Facility.

**ACTION TAKEN:** Pursuant to KAR 44-15-101a, D (2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claim procedure. Your timeframe to file a personal injury claim over the incidents you allege at LCMHF have expired, as they are over the time limits to do so. I encourage you to attend monthly Restrictive Housing Review, and work on a plan to release from RHU, and out to general population here at EDCF. Your current placement is accurate based on your DR history, and the nature of the DR's you have received. No further action required at this time.

Jeremy Hoepner Unit Manager BCH

**CC:** Inmate

("Formal Grievance")                    53)

Exhaustion of Administrative Remedies Pursuant
To KSA 75-52,138
            (Informal Resolution)
Due to the fact the Act Complained of in this
Grievence Took place At Larned, I was Not Able
To Address the Matter with Unit Team Staff,
I Address it with the Connespoudence Attached.
SEE E-form "9" Confirmation Number 175388932
ReQuest No: 174952432 (Date 4/22/22
            (Actions At Issue)
On 12/28/21 I Had CO1-Vsetecka, open my door
About Ten Minutes Before Yard, I was About to clean
my Room And take A Shower But Vsetecka Came
Back to my Door And shut it So I Couldn't take
A Shower, He Didn't Close Any one else's Door,
At that time I was mad Because He made me
Wait until Open Cell Doors for Yard, So when
Vsetecka open my Door I Said "Why did you
shut my Door, He was trying to pnovoke me
And He pulled out A Can of mace And Calld
Al Response, The Camera Will show I went
in my cell And got my Stuff For my Shower.
I Advised CO1-Baker That He officer was Trying
to get me to Shower on His Time And Kept shutting
my Door Causing strife. At that Point Al-Respons
Left, Because it wasn't A Issue.—
                        (         (44)           1)

54)

But Vsetecka shut my door, Again, before they
left, the staff went to talk among themselfs
then they returned to my cell and gave me
an order to "CUFF UP" I replied that I was
under the impression that the matter was
resolved, at that point I had my shower stuff
in my hands, officer Baker suddenly reached
for my arm, surprised so I snatched my
arm back. At that point some officer punched
me in the side of the head the camera would
reveal the ordeal also, at that point compition
kicked in As I believed the officers were
trying to hurt me And I fought back As
the ordeal went on I push the other officer
back, col-Vsetecka, and coll-mickael Falck
and some howe the other officers got schack
-les secured around my feet, they then lifted
me 3-feet in the air and slammed me ~~back~~
down to the ground knocking all the wind
out of me. officer Baker put me in a head
lock and was punching me, At that point he
went from punching me to choking me, As
a result I Bit the officer becase I
was under arrest, And IN HAND CUFF

55)

when officers Raised me up to Be put IN A wheel chair No Resisting or Scuffuling coll J. Baker choked I Mr. Kidd Again with closed Hands The Al ~~camera~~ Responce camera And the F/3 Hall way Camera would showe the SAME, while All these unlawful Acts Took place None of the other officers Present, Intervened to stop them, It must Be Noted Here Also that while the Incident Took Place the Camera will reveal while my Hands were Behind My Back for Hand cuffing coll J-Baker was Bear Hugging my Neck choking me Using two types of chokes which was An excessive Abrucce of Force, The Camera will Also show the other officers were putting All their weight on me So I could not Breathe Those Types of chokes And Tactics Are Banned, Bakers Rank was Took As A result of this Incident (Relief)

I was the victim in this issue And I wish to Be Released from Segregation And Taking off OSR. I Also won't All the officers involved Reprimanded, I've Been in seg for Months And I Don't Have Proper Access to Law library or the means to Discover my Rights

46,

56)

or Remedies in regard to the unlawful
use of Force, I need out of Here.

Anthony S Kidd # 93399