CLOSED,APPEAL,PLC4,S1

# U.S. District Court
# DISTRICT OF KANSAS (Topeka)
# CIVIL DOCKET FOR CASE #: <u>5:22–cv–03123–JWL–JPO</u>

Kidd (ID 93399) v. Baker et al
Assigned to: District Judge John W. Lungstrum
Referred to: Magistrate Judge James P. O'Hara
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/17/2022
Date Terminated: 12/07/2022
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Anthony S. Kidd**
*93399*

represented by **Anthony S. Kidd**
93399
EL DORADO Correctional
Facility–Central
PO Box 311
El Dorado, KS 67042
Email: <u>KDOC_court_file_edcf@ks.gov</u>
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**Jeremy Baker**
*Correctional Officer, Larned*
*Correctional Mental Health Facility, in*
*individual capacity*

represented by **Matthew Lee Shoger**
Office of Kansas Attorney General Derek
Schmidt
Legal Services
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785–296–2215
Fax: 785–291–3767
Alternative Phone: 316–209–5135
Cell Phone: 316–209–5135
Email: <u>matt.shoger@ag.ks.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Dennis D. Depew**
Office of Attorney General – Kansas
120 SW 10th Avenue
Topeka, KS 66612–1597
785–368–8426
Fax: 785–291–3767
Alternative Phone:

Cell Phone: 620–332–7180
Email: dennis.depew@ag.ks.gov
*TERMINATED: 11/04/2022*
*Bar Number: 11605*
*Bar Status: Active*

**Defendant**

**Tyler Jones**
*Correctional Officer, Larned*
*Correctional Mental Health Facility, in*
*individual capacity*

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Dennis D. Depew**
(See above for address)
*TERMINATED: 11/04/2022*
*Bar Number: 11605*
*Bar Status: Active*

**Defendant**

**Michael Falck**
*Correctional Officer, Larned*
*Correctional Mental Health Facility, in*
*individual capacity*

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Dennis D. Depew**
(See above for address)
*TERMINATED: 11/04/2022*
*Bar Number: 11605*
*Bar Status: Active*

**Defendant**

**Jason Vsetecka**
*Correctional Officer, Larned*
*Correctional Mental Health Facility, in*
*individual capacity*

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Dennis D. Depew**
(See above for address)
*TERMINATED: 11/04/2022*
*Bar Number: 11605*
*Bar Status: Active*

**Defendant**

represented by

**(fnu) Simmons**
*Correctional Officer, Larned*
*Correctional Mental Health Facility, in*
*individual capacity*

**Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**Dennis D. Depew**
(See above for address)
 *TERMINATED: 11/04/2022*
*Bar Number: 11605*
*Bar Status: Active*

**Defendant**

**John Doe**
*Correctional Officer, Larned*
*Correctional Mental Health Facility, in*
*individual capacity*

**Interested Party**

**Kansas Department of Corrections**                    represented by **Jon D. Graves**
Hutchinson Correctional Facility
PO Box 1568
Hutchinson, KS 67504–1568
620–625–7253
Fax: 620–728–3262
Alternative Phone:
Cell Phone: 620–899–1240
Email: Jon.Graves@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 10554*
*Bar Status: Active*

**Natasha M. Carter**
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
785–506–7615
Alternative Phone:
Cell Phone:
Email: natasha.carter@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26074*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|

| 06/17/2022 | 1 | | COMPLAINT filed by Plaintiff Anthony S. Kidd. (Attachments: # 1 Cover Sheet, # 2 Exhibits in Support) (jal) (Entered: 06/17/2022) |
|---|---|---|---|
| 06/17/2022 | 2 | | MOTION for Leave to Proceed in forma pauperis by Plaintiff Anthony S. Kidd. (Attachments: # 1 Inmate Account Statement, # 2 IFP Affidavit) (jal) (Entered: 06/17/2022) |
| 06/17/2022 | 3 | | MOTION to Appoint Counsel by Plaintiff Anthony S. Kidd. (Attachments: # 1 Exhibits in Support) (jal) (Entered: 06/17/2022) |
| 06/22/2022 | 4 | | ORDER ENTERED: Plaintiff's motion to proceed in forma pauperis 2 is granted. The Court assesses an initial partial filing fee of $45.50, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including July 6, 2022, to submit the fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office. Signed by U.S. Senior District Judge Sam A. Crow on 06/22/22. Mailed to pro se party Anthony S. Kidd by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 06/22/2022) |
| 07/05/2022 | 5 | | NOTICE to the Court re 4 Order on Motion for Leave to Proceed in forma pauperis by Plaintiff Anthony S. Kidd. (jal) (Entered: 07/05/2022) |
| 07/22/2022 | | | FILING FEE PAID: in the amount of $ 350.00, receipt number T4631015968. (jal) (Entered: 07/22/2022) |
| 08/03/2022 | 6 | | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion for Appointment of Counsel (Doc. 3 ) is denied without prejudice. The Court will enter a separate e–service order directing the Clerk of Court to serve Defendants. The Kansas Department of Corrections ("KDOC") shall submit the Martinez Report within sixty (60) days following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Officials responsible for the operation of the LCMHF are directed to undertake a review of the subject matter of the Complaint. The Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the Martinez Report. Upon the filing of that report, KDOC may move for termination from this action. Signed by U.S. Senior District Judge Sam A. Crow on 08/03/22. Mailed to pro se party Anthony S. Kidd by regular mail; e–mailed to the Attorney General for the State of Kansas. (smnd) (Entered: 08/03/2022) |
| 08/03/2022 | 7 | | SERVICE ORDER ENTERED: The Clerk of the Court shall notify the Kansas Attorney General ("AG") and the KDOC of this Service Order. The Court requests that Defendants waive formal service of process. The AG and/or the KDOC shall have thirty (30) days from entry of this Service Order to file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, KDOC shall have sixty (60) days to prepare a report pursuant to Martinez v. Aaron. Upon the filing of that |

| | | | |
|---|---|---|---|
| | | | report, the Court will screen Plaintiff's Complaint and will enter an order setting an answer deadline if the Complaint survives screening. Any answer deadline set forth in the waiver of service is not controlling. In those cases where a Waiver of Service Unexecuted is filed, the KDOC shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding addresses for former employees, said addresses to be placed under seal and used only for the purpose of attempting to effect service of process. Signed by U.S. Senior District Judge Sam A. Crow on 08/03/22. Mailed to pro se party Anthony S. Kidd by regular mail; e–mailed to the Attorney General for the State of Kansas. (smnd) (Entered: 08/03/2022) |
| 09/07/2022 | 8 | | WAIVER OF SERVICE Returned Executed – Prisoner Case by (fnu) Simmons, Tyler Jones, Jeremy Baker, Michael Falck, Jason Vsetecka. (fnu) Simmons waiver sent on 9/7/2022, answer due 11/7/2022; Tyler Jones waiver sent on 9/7/2002, answer due 11/6/2002; Jeremy Baker waiver sent on 9/7/2022, answer due 11/7/2022; Michael Falck waiver sent on 9/7/2022, answer due 11/7/2022; Jason Vsetecka waiver sent on 9/7/2022, answer due 11/7/2022. (Depew, Dennis) (Entered: 09/07/2022) |
| 10/07/2022 | 9 | | MINUTE ORDER REASSIGNING CASE: Case reassigned to District Judge John W. Lungstrum and Magistrate Judge James P. O'Hara for all further proceedings. District Judge Sam A. Crow no longer assigned to case. Signed by deputy clerk on 10/7/22. Mailed to pro se party Anthony S. Kidd 93399 EL DORADO Correctional Facility–Central PO Box 311 El Dorado, KS 67042 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 10/07/2022) |
| 10/14/2022 | 10 | | SEALED MOTION for Leave to File Under Seal *Exhibit 15, Exhibit 16 and Exhibit 17* by Interested Party Kansas Department of Corrections (Attachments: # 1 Exhibit Exhibit 15 Video to be filed conventionally, # 2 Exhibit 16, # 3 Exhibit 17) (Graves, Jon). Added MOTION FOR LEAVE to File Conventionally on 10/14/2022. (mls). (Entered: 10/14/2022) |
| 10/18/2022 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 10 SEALED MOTION for Leave to File Under Seal *Exhibit 15, Exhibit 16 and Exhibit 17* MOTION FOR LEAVE to File Conventionally. The motion will be resolved by the District Judge.**(ss) (Entered: 10/18/2022) |
| 10/18/2022 | 11 | | ORDER ENTERED: The Motion to File Under Seal and Conventionally Exhibit 15 and File Under Seal Exhibits 16 and 17 to Investigative Report Prepared Pursuant to "Martinez v. Aaron" (Doc. 10 ) is granted to the extent that Exhibit 15 shall be filed under seal and conventionally, and Exhibits 16 and 17 shall be filed under seal. Movant shall provide Plaintiff with a copy of Exhibit 17 and shall allow Plaintiff to view Exhibit 15. Plaintiff shall not be allowed access to Exhibit 16. Signed by District Judge John W. Lungstrum on 10/18/2022. Mailed to pro se party Anthony S. Kidd by regular mail. (jal) (Entered: 10/18/2022) |
| 10/21/2022 | 12 | | MARTINEZ REPORT by Interested Party Kansas Department of Corrections re 1 Complaint. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit |

5

| | | |
|---|---|---|
| | | 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28, # <u>29</u> Exhibit 29)(Graves, Jon) (Entered: 10/21/2022) |
| 10/24/2022 | <u>13</u> | SEALED EXHIBIT(S) *16* re <u>12</u> Martinez Report,, (Graves, Jon) (Entered: 10/24/2022) |
| 10/24/2022 | <u>14</u> | DISREGARD FILING AS DOCKETED IN WRONG CASE –– SERVICE ORDER ENTERED: The Clerk of the Court shall notify the Kansas Attorney General ("AG") and the KDOC of this Service Order. The Court requests that Defendant waive formal service of process. The AG and/or the KDOC shall have thirty (30) days from entry of this Service Order to file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, KDOC shall have sixty (60) days to prepare a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Upon the filing of that report, the Court will screen Plaintiff's Complaint and will enter an order setting an answer deadline if the Complaint survives screening. Any answer deadline set forth in the waiver of service is not controlling. In those cases where a Waiver of Service Unexecuted is filed, the KDOC shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding addresses for former employees, said addresses to be placed under seal and used only for the purpose of attempting to effect service of process. Signed by Magistrate Judge James P. O'Hara on 10/24/22. Mailed to pro se party James Richard Dudley by regular mail; e–mailed to the Attorney General for the State of Kansas. (smnd) Modified text on 10/24/2022. (smnd) (Entered: 10/24/2022) |
| 10/24/2022 | <u>15</u> | SEALED EXHIBIT(S) *17* re <u>12</u> Martinez Report,, (Graves, Jon) (Entered: 10/24/2022) |
| 10/24/2022 | | DOCKET ANNOTATION: The pdf document attached to the original filing of the <u>14</u> Service Order has been blocked from public view as it was filed in wrong case. (smnd) (Entered: 10/24/2022) |
| 10/24/2022 | <u>16</u> | MOTION for Identification by Plaintiff Anthony S. Kidd (smnd) (Entered: 10/24/2022) |
| 10/24/2022 | <u>17</u> | MOTION in Limine to Exclude Evidence Regarding Disciplinary History by Plaintiff Anthony S. Kidd. (smnd) (Entered: 10/24/2022) |
| 10/24/2022 | <u>18</u> | MOTION in Limine to Exclude Evidence Regarding Convictions by Plaintiff Anthony S. Kidd. (smnd) (Entered: 10/24/2022) |
| 10/27/2022 | 19 | CONVENTIONALLY FILED AND UNDER SEAL EXHIBIT 15 IN SUPPORT of <u>12</u> Martinez Report received in the Topeka Clerk's Office on 10/26/22. The original and copy for chambers will be maintained in the Topeka Clerk's Office. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 10/27/2022) |
| 10/31/2022 | <u>20</u> | OBJECTION to <u>12</u> Martinez Report by Plaintiff Anthony S. Kidd. (smnd) (Entered: 10/31/2022) |
| 10/31/2022 | <u>21</u> | MOTION for Order (titled Motion to the Court to Provide Plaintiff With All Camera Videos) by Plaintiff Anthony S. Kidd (smnd) (Entered: 10/31/2022) |
| 11/01/2022 | <u>22</u> | RESPONSE by Defendants Jeremy Baker, Michael Falck, Tyler Jones, (fnu) Simmons, Jason Vsetecka re <u>16</u> Motion for Order, <u>18</u> Motion in Limine, <u>17</u> |

| | | | |
|---|---|---|---|
| | | | Motion in Limine (Shoger, Matthew) (Entered: 11/01/2022) |
| 11/03/2022 | 23 | | RESPONSE (titled Motion for "These" Exhibits That Should Be in Martinez or Objecting to the Cover Up) to 12 Martinez Report by Plaintiff Anthony S. Kidd. (Attachments: # 1 Exhibits) (smnd) (Entered: 11/03/2022) |
| 11/04/2022 | 24 | | WITHDRAWAL OF COUNSEL by Dennis D. Depew and ENTRY OF APPEARANCE OF SUBSTITUTED COUNSEL by Matthew Lee Shoger on behalf of Jeremy Baker, Michael Falck, Tyler Jones, (fnu) Simmons, Jason Vsetecka (Shoger, Matthew) (Entered: 11/04/2022) |
| 11/10/2022 | 25 | | REPLY TO RESPONSE TO MOTION by Plaintiff Anthony S. Kidd re: 16 Motion for Identification, 17 Motion in Limine to Exclude Evidence Regarding Disciplinary History and 18 Motion in Limine to Exclude Evidence Regarding Convictions. (smnd) (Entered: 11/10/2022) |
| 11/10/2022 | 26 | | MOTION for Extension of Time to File Response as to 21 MOTION for Order by Defendants Jeremy Baker, Michael Falck, Tyler Jones, (fnu) Simmons, Jason Vsetecka (Shoger, Matthew) (Entered: 11/10/2022) |
| 11/23/2022 | 27 | | RESPONSE by Defendants Jeremy Baker, Michael Falck, Tyler Jones, (fnu) Simmons, Jason Vsetecka re 21 Motion for Order (Shoger, Matthew) (Entered: 11/23/2022) |
| 11/23/2022 | 28 | | MOTION for Default by Plaintiff Anthony S. Kidd (Attachments: # 1 Cover Sheet) (smnd) (Entered: 11/23/2022) |
| 11/30/2022 | 29 | | REPLY TO RESPONSE TO MOTION by Plaintiff Anthony S. Kidd re: 21 Motion for Order. (Attachments: # 1 E–Filing Cover Sheet) (smnd) (Entered: 11/30/2022) |
| 12/06/2022 | 30 | | RESPONSE by Defendants Jeremy Baker, Michael Falck, Tyler Jones, (fnu) Simmons, Jason Vsetecka re 28 Motion for Order (Shoger, Matthew) (Entered: 12/06/2022) |
| 12/07/2022 | | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 21 MOTION for Order, 16 MOTION for Identification, 28 MOTION for Order, 26 MOTION for Extension of Time to File Response as to 21 MOTION for Order . The motions will be resolved by the District Judge. (smnd)** (Entered: 12/07/2022) |
| 12/07/2022 | 31 | | MEMORANDUM AND ORDER ENTERED: This matter is dismissed for failure to state a claim upon which relief may be granted. All pending motions (Docs. 16 , 17 , 18 , 21 , 26 , and 28 ) are denied. Signed by District Judge John W. Lungstrum on 12/07/22. Mailed to pro se party Anthony S. Kidd by regular mail. (smnd) (Entered: 12/07/2022) |
| 12/07/2022 | 32 | | JUDGMENT regarding Memorandum and Order 31 dismissing matter for failure to state a claim. Signed by Deputy Clerk on 12/07/22. Mailed to pro se party Anthony S. Kidd by regular mail. (smnd) (Entered: 12/07/2022) |
| 12/14/2022 | 33 | | MOTION to Amend Complaint re 1 Complaint by Plaintiff Anthony S. Kidd (referred to Magistrate Judge James P. O'Hara) (Attachments: # 1 Amended Complaint, # 2 E–Filing Cover Sheet) (smnd) (Entered: 12/14/2022) |
| 12/16/2022 | 34 | | |

| | | | ORDER ENTERED: Plaintiff's motion to amend complaint (Doc. 31 ) is denied as moot. Signed by District Judge John W. Lungstrum on 12/16/2022. Mailed to pro se party Anthony S. Kidd by regular mail. (jal) (Entered: 12/16/2022) |
|---|---|---|---|
| 12/30/2022 | 35 | | NOTICE OF APPEAL as to 31 Memorandum and Order and 32 Judgment by Plaintiff Anthony S. Kidd. (Attachments: # 1 Transmittal Letter) (smnd) (Entered: 12/30/2022) |
| 12/30/2022 | 36 | | MOTION for Leave to Appeal in forma pauperis by Plaintiff Anthony S. Kidd. (Attachments: # 1 Inmate Account Statement) (smnd) (Entered: 12/30/2022) |

ANTHONY Kidd
PLAINtiFF

V.s                    CASE. No: 5:22CV-03123-JWL-JPO

BAKer/et al.

**Anthony S. Kidd**
93399
EL DORADO Correctional Facility-Central
PO Box 311
El Dorado, KS 67042

" Notice of Appeal "

U.S. COURT OF
10TH CIRCUIT
2022 DEC 30 AM 9:55

1) Come Now PLAINtiFF PRO SE And give Notice that Appeals
is Hereby TAKen to the unite state of Appeal for the Tenth
Circuit From the Court ORDER DENYing 42 U.S.C § 1983
order filed 12/7/2022 PlANTiFF Appeals All Adverse
Rulings of Such onded To unite state of Appeals Tenth, Circuit.

2) Come Now movAnt Pro SE And give Notice that Appeal is Hereby
TAKen to the united states of Appeal for the Tenth Circuit
from the Court ORDER DENYing PlAintiFF motion to Amend
complAint for punitive DAMages. Becouse The CASE wAs Not
Properly Adjudicate Becouse the objection of the video FootAge-Amendment
for the first time was Need. Becouse the Court should HAVE exAmed
The EvidencE or Facts The mAin HArd Drive to showe the cell
House video wAs cHopped And spliced And Should Not dismiss
The 1983-untile the Count exAmed or InternAgAte the AttorNey
The PlAintiff Didnot RecIeve A video ConferencE About the
FActs or Evidents The Amending wAs properl for Conditions.

( THere IS A DeclarAtion )

SEE ATTAcHed )

PApen with Consititutional Voilations.

I Anthony S Kidd Affirm under the Penalty for Perjury that I Placed MY Constitutional Voilational Issues for First class postage prepaid in the prison mail system

Dec/21/2022

( 1823 stout st

Denver CO 80257 )

Anthony S. Kidd
93399
EL DORADO Corr. Facility-Central
PO Box 311
El Dorado, KS 67042

Constitutional Voilational Issues

To Do so you must make A Substantial showing of The Denial of A Consitutional Right

"Arguement"

1)The memor An dum And order Should Have Been Resolved IN A different manner or that the Issues presented were Adequate to Deserve encouragement to proceed Further. 2) The court memorandum And order was wrong, Becouse IN 2010 the Supreme Court made it clear that A Prisoner CAN WIN AN Excessive force CASE even if they Are not Seriously Injured Wilkins v. Gaddy 559 US 34 (2010) for example ONE Court found A eight Amendment Violation when An officer Repeatedly Hit A Prisoner even though the prisoner Had Immediatelly obeyed And order to lie Face Down on the Floor And was Already Being Restrained By Four other officers. Note the Camera Foot Age would Review the Same Issue IN The Kidd PlAINTIFF CASE PLAINTIFF HAd To Bite the Defendant At the End Becouse the Defendant would Not stop choking the PlAINTIFF 3) Estate of Davis By Ostenfeild v. Dello 115F. 33.1388 8th Cir 1997). IN Anther successfull CASE the Prisoner was Hand cuffed And Hit Several Time IN the Head And Shoulders wile IN A Kneel Position. Note IN PlAINTIFF CASE THE Defendant Baker was Not Acting IN good FAit or to mAINtAIN. Order Baker was Acting maliciously And SAdistically to Cause HARM Becouse the CAMARA would show the defendant Baker Threw Punches from start to End Aimed At Mr Kidds Head THE Whole Time Wile Kidd wAs Already (Subdued) And Defendant Was Not even Bit At the TimE He was Aiming Punches Hitting Kidd IN He

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                    Jane K. Castro
Clerk of Court                                                           Chief Deputy Clerk

December 30, 2022

Skyler  O'Hara
United States District Court for the District of Kansas
Office of the Clerk
500 State Avenue
Robert J. Dole U.S. Courthouse
Room 259
Kansas City, KS 66101

    **Re:**  Misdirected notice of appeal in district court case no. **5:22-cv-03123-JWL-JPO**

Clerk:

      Enclosed please find a misdirected notice of appeal filed by Anthony S. Kidd.  For
your court to take the appropriate steps to provide us with the preliminary record in this
matter, the notice of appeal is being sent to you so it can be properly filed with the file
date of December 30, 2022. *See* Fed. R. App. P. 4(d).

Please contact this office if you have questions.

                     Sincerely,

                     Christopher M. Wolpert
                     Clerk of the Court

CMW:mlb

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY S. KIDD,

      Plaintiff,

      v.                               CASE NO.  22-3123-SAC

JEREMY BAKER, et al.,

      Defendants.

## MEMORANDUM AND ORDER

      Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, the claims giving rise to his Complaint occurred during his detention at the Larned Correctional Mental Health Facility in Larned, Kansas ("LCMHF").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On August 3, 2022, the Court entered a Memorandum and Order (Doc. 6) ("M&O") directing the officials responsible for the operation of the LCMHF to file a *Martinez* Report.  The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A."  (Doc. 6, at 5.)  The *Martinez* Report (the "Report") has now been filed.  (Docs. 12, 13, 15, 19.)  The Court's screening standards are set forth in detail in the M&O.

## I.  Plaintiff's Allegations

      Plaintiff alleges in his Complaint that on December 28, 2021, while housed at LCMHF, corrections officers choked him and used excessive force while he was handcuffed and restrained.  Plaintiff describes the incident as follows.  Plaintiff asked CO Vsetecka to open his door so he could clean his cell and take a shower before yard time.  Vsetecka initially complied but then closed the door without explanation until yard was called.  At that time, Plaintiff and Vsetecka had

a verbal confrontation because Plaintiff had wanted to shower and clean his cell without missing yard. Plaintiff claims Vsetecka was trying to provoke him. Vsetecka pulled out a can of mace and called the response unit. Plaintiff went to his cell and got the items he needed for a shower. Shortly, COs Baker, Jones, and Falck responded to the code. Plaintiff and Baker had a conversation, and Plaintiff believed the matter was resolved. Then, Vsetecka again closed Plaintiff's door. Baker, Jones, and Falck returned to Plaintiff's cell and gave him an order to cuff up. Plaintiff was holding his shower supplies and did not immediately comply. He was attempting to have a discussion with CO Baker when Baker reached out and grabbed his arm. Plaintiff instinctively pulled his arm back. Then, an unidentified officer (referred to as CO Doe) punched Plaintiff in the side of the head, and Plaintiff began to fight back. Additional officers appeared, including CO Simmons. They managed to get Plaintiff's ankles shackled. Plaintiff was lifted off his feet by Baker, Jones, and Falck and slammed to the ground, causing the breath to be knocked out of him, his back to be twisted, and his right elbow to forcefully hit the ground. The officers were then able to get the handcuffs on Plaintiff.

At that point, while Plaintiff's hands and feet were shackled, CO Baker put Plaintiff in a headlock and began to beat him. After hitting him for a while, Baker began choking Plaintiff. In fear for his life, Plaintiff bit Baker on the arm. Baker stopped choking him, and Plaintiff was being lifted up and put into a wheelchair when Baker grabbed Plaintiff with both hands around his throat and began choking him again. None of the other officers present, including Vsetecka, Simmons, Jones, or Falck, intervened in any way to stop the use of force.

## II. The *Martinez* Report

The Report disagrees with Plaintiff's description of events in several regards. Most notably, the Report claims that Plaintiff was never choked by Baker or anyone else and no force

was used on Plaintiff once he was fully restrained and in the wheelchair. The Report also provides that Plaintiff was charged with several disciplinary offenses in connection with the incident, and he was convicted after failing to dispute the charges.

According to the Report, the incident began when Vsetecka issued Plaintiff a disciplinary report for threatening and intimidating as a result of Plaintiff telling Vsetecka in a threatening manner to open his cell door the next time Plaintiff told him to. The supervising officer, Caption Pflughoeft, authorized moving Plaintiff to a restrictive housing unit cell pending the outcome of his disciplinary hearing. Vsetecka, Baker, Jones, and Falck went to Plaintiff's cell to put restraints on him and escort him to restrictive housing. Baker told Plaintiff three times to put his hands behind his back so he could be restrained. Plaintiff did not comply and resisted violently, beginning with punching Baker in the face. Plaintiff then tried to hit everyone as he continued to resist being handcuffed.

The Report further states that Baker punched Plaintiff multiple times in his bicep, an approved technique when an inmate is resisting being cuffed. Baker hooked an arm over Plaintiff's shoulder to try to turn him over while other officers tried to restrain Plaintiff's arms and ankles. Plaintiff then bit Baker's forearm. Baker struck Plaintiff in the head multiple times to make him release his bite. Eventually, Plaintiff was restrained and put into a wheelchair for transport.

The Report contains photographs showing the bite wound on Baker's arm. He was treated at the facility and later at the hospital.

The Report also includes video footage of the incident. The footage was taken by a camera positioned on the ceiling of the hallway. It shows Plaintiff resisting violently. It appears to confirm the involved officers' affidavits and show that no one punched or choked Plaintiff once he was restrained and awaiting or seated in the wheelchair.

Baker issued a disciplinary report to Plaintiff for battery and disobeying orders, to which Plaintiff pled no contest.  Plaintiff's disciplinary convictions related to his actions on December 28, 2021, have not been overturned.

The Report states that Plaintiff reported to medical staff after the incident that he was fine and that he stated, "I deserved a shower and that's what happens when I don't get one."  Doc. 12-14, at 10.

The Report also states that Plaintiff did not file any grievances with LCMHF regarding his complaints of the use of force on December 28, 2021.  He did send correspondence to the central office of the KDOC complaining about the use of force and seeking investigations.

## III.  Plaintiff's Responses to the Report (Docs. 20, 21, 28, and 29)

Plaintiff filed a document titled Motion (Objecting) to the Report in Martinez v. Aaron (Doc. 20).  He also responds to the Report in other motions that he has filed.  Plaintiff has made the following responses to the Report:

1.  He states that contrary to the Report, his ankle was injured and photographed, and he did complain of the injury.  He also suffered injured ribs, which were also photographed.  He states that he wrapped his ribs because of the pain and alleges that his ribs were x-rayed at El Dorado Correctional Facility.  Plaintiff filed a copy of a Health Services Request Form that he submitted on January 8, 2022, requesting treatment for his ankle.  (Doc. 23-1, at 2). He says that he refused to go with Defendant Baker to have his ankle examined by the nurse because he does not trust them.  (Doc. 20).

2.  Plaintiff states that he sent an emergency grievance regarding the incident to the Secretary of Corrections.  He filed a copy of a certified mail receipt dated February 18, 2022.  (Doc.

4

23-1, at 3).  He argues that this constitutes exhaustion of administrative remedies.  (Doc. 20).

3.  Plaintiff asserts that there should have been footage of the incident from a handheld camera.  He argues it was facility policy to use one with a planned use of force, and he further alleges that he saw someone with a camera.  (Doc. 20).

4.  Plaintiff objects that the Report does not include an OSR Report.  He alleges that the OSR Report said that force had to be used.  He argues that is incorrect and the force used was excessive.  (Doc. 20).

5.  Plaintiff alleges that the surveillance video he watched was "sliced and chopped."  He further argues that even if it was not, what it shows was a constitutional violation.  He argues that it shows Baker punching him to the floor, "bear hugging or may I say choking" him at around 10:47 into the video, with his right hand on Plaintiff's neck "choking down" so that Plaintiff could not take in air at around 10:48 into the video.  (Doc. 29, at 2).

6.  Plaintiff asserts that the surveillance video "clearly shows the plaintiff being punched on while cuffed and Defendant Baker choking the plaintiff on the floor and at least 800 pounds on the plaintiff['s] back stopping the plaintiff['s] airflow."  (Doc. 28, at 2).

## IV.  Discussion

The *Martinez* Report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims."  *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  The Report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).  Thus, at this point in the proceedings the Court does not use the Report to resolve

conflicts of fact. *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). After reviewing the Report and Plaintiff's responses to the Report, the Court finds that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted under § 1983.

"[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

Plaintiff does not dispute that he was angry about missing his shower, refused to immediately cuff up when ordered to do so, jerked away from Baker, resisted forcefully being restrained, and bit Baker's arm. Plaintiff's undisputed conduct alone provided the defendants with a good faith basis for using force to control him, to restore discipline and order, and to transport him to restricted housing. *See Lockett v. Suardini*, 526 F.3d 866, 875–76 (6th Cir. 2008) (finding prison guards had a good faith basis for using force where prisoner did not dispute that he insulted an officer, became "very angered and upset", bit a guard's hand while being escorted back to his cell, and resisted the guards in response to their allegedly excessive use of force).

The Court's primary concern and reason for ordering the *Martinez* Report was Plaintiff's allegation that he was punched or choked after he was fully restrained and had stopped biting Baker. *See* M&O, p. 5. While Plaintiff continues to allege that he was choked or bearhugged while on the ground, he asserts that the bearhug occurred for only a matter of seconds. Furthermore, he alleges no more than de minimis injury, if any, from the bearhug. Also, his responses do not challenge the Report's contention that no force was used after he was fully restrained and in the wheelchair.

Given the speed at which events were occurring and given Plaintiff's violent resistance to orders to cuff up and go to restrictive housing, the Court cannot find that the Complaint contains specific facts indicating that the defendants engaged in the "wanton and unnecessary" infliction of pain that constitutes a violation of the Eighth Amendment. *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976). This is especially true in light of the principle that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321–22. Plaintiff fails to state a claim for the use of excessive force in violation of the Eighth Amendment.

In addition, the Report provides that Plaintiff has not exhausted his administrative remedies with respect to the subject matter of the claims he makes in the Complaint. An inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies before filing a complaint in federal court. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Case 5:22-cv-03123-JWL-JPO Document 87-1 Filed 12/30/22 Page 19 of 26

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007) (stating that "the benefits of exhaustion include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record") (citations omitted).

This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249; *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (quoting *Jones*, 549 U.S. at 211)). An inmate exhausts by complying with "an agency's deadlines and other critical procedural rules." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by properly following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford*, 548 U.S. at 90). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from

8

19

system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

In a suit governed by the PLRA, failure to exhaust is an affirmative defense and the defendant has the burden of proof regarding exhaustion of administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). The issue of Plaintiff's failure to exhaust his available administrative remedies before filing his lawsuit must be determined before reaching the merits of his lawsuit. *Little*, 607 F.3d at 1249 ("unexhausted claims cannot be brought in court") (citation omitted); *see also Jernigan*, 304 F.3d at 1032 (an inmate who does not complete the grievance process is barred from pursuing a §1983 claim).

For Kansas state prisoners, the administrative remedies require the inmate to seek an informal resolution with personnel who work with the inmate on a daily basis. K.A.R. § 44–15–101(b). If the informal resolution is unsuccessful, the inmate must progress through a three-level process that includes submitting a grievance report form to (1) the appropriate unit team member, (2) the warden of the facility, and (3) the office of the secretary of corrections. K.A.R. § 44–15–101(d). The procedure to follow at each level is described in detail in Kan. Admin. Regs. § 44–15–102; *see also Garza v. Correct Care Solutions*, 2011 WL 2580299, at *2 (D. Kan. 2011), *aff'd* 451 F. App'x 775 (10th Cir.) (granting summary judgment for failure to exhaust claims against Correct Care Solutions where plaintiff failed to allege that he sought relief on his claims first through his unit team, then the warden, and finally from the Secretary of Corrections).

As this Court has previously found, there are two distinct avenues of administrative exhaustion established in Kansas law:

> The first avenue is found in the regulations codified by Article 15 of chapter 44 of the Kansas Administrative Regulations. These regulations govern inmate grievances covering "a broad range of matters that directly affect the inmate, including" complaints about

> policies and conditions of imprisonment, actions of employees and
> other inmates, and incidents occurring within the facility. Kan.
> Admin. Regs. § 44–15–101a(d)(1)(A)–(B). As the Court previously
> determined, this regulation applies to a constitutional claim such as
> the one asserted here, where the conduct complained of stems from
> "actions by employees" of the prison facility. *Id*. § 44–15–
> 101a(d)(1)(B).

*Lewis v. Carrell*, 2015 WL 413640, at *2–3 (D. Kan. 2015). "The second avenue is governed by the regulations in Article 16 of chapter 44 of the Kansas Administrative Regulations." *Id*. at *3. Kan. Admin. Regs. § 44–16–104a applies to claims for personal injury and provides: "(a) Each inmate claim for personal injury shall be submitted to the [prison] facility and [the] secretary of corrections within 10 calendar days of the claimed personal injury." *Id*. (citing K.A.R. § 44–16–104a).

The Kansas Court of Appeals has explained that the two sets of regulations found in Articles 15 and 16 are "separate and distinct" from one another. *Id*. (citing *Redford v. Kan. ex rel. Dep't of Corr.*, 295 P.3d 1054, 2013 WL 781102, at *6 (Kan. App. Mar. 1, 2013 (unpublished table decision)). Indeed, the regulation "expressly provides: 'The grievance procedure [in article 15] shall not be used in any way as a substitute for, or as part of, the . . . property loss or personal injury claims procedure [in Article 16] . . .'" *Id*. (quoting Kan. Admin. Regs. § 44–15–101a(d)(2); *see also Sharrock v. Stephens*, 2011 WL 5526444, at *1 (D. Kan. 2011) ("Importantly, the requirements in [§ 44–16–104a] apply regardless of whether the inmate pursues a grievance pursuant to § 44–15–101.").

The court in *Conley* addressed the defendants' argument that the plaintiff failed to file a personal injury claim in a § 1983 case, and noted that while case law establishes that exhaustion of Article 15's procedures alone is not sufficient for a plaintiff to assert a personal injury claim, the court "had not located any authority requiring an inmate to exhaust both the requirements of

Article 15 and Article 16 before asserting a § 1983 claim based on an alleged violation of an inmate's constitutional rights" and declined to invent such a requirement. *Conley v. Pryor*, 2015 WL 413638, at *14 (D. Kan. 2015). However, the court did find that exhaustion under § 44–15–101 was necessary for the plaintiff's § 1983 claim. *Id.* The court found that where the plaintiff asserted a § 1983 claim for failure to provide proper dental care, the plaintiff's claim constituted a complaint about the conditions of his imprisonment and the actions of employees, which requires exhaustion under Kan. Admin. Regs. § 44–15–101. *Id.* Likewise, the court in *Nunez*, stated that "an inmate who wishes to pursue both a personal injury claim and a § 1983 claim must comply with two distinct sets of administrative procedures even if he bases his claims on a single act." *Nunez v. Heimgartner*, 2017 WL 2264466, at *5 (D. Kan. 2017) (citation omitted). The court held that "Article 15 of the KDOC regulations covers the administrative procedures that must proceed a § 1983 claim." *Id.* at *6 (citation omitted); *see also Jones v. Parks*, No. 19-cv-3175-HLT-GEB, Doc. 50 at n.3 (D. Kan. April 13, 2021) ("Plaintiff's alleged personal injury claims based off the same incidents does not exhaust his § 1983 claim.").

Based on the Report, Plaintiff's responses, and prior caselaw, the Court concludes that Plaintiff failed to exhaust his administrative remedies before filing this action. Plaintiff alleges that he filed emergency grievances. While he sent letters or "petitions" to the Secretary of Corrections, he did not follow the established procedure. "Simply presenting a defective or non-complying grievance . . . does not constitute exhaustion of remedies." *Brewer v. Mullin*, 130 F. App'x 264, 265 (10th Cir. 2005).

## V. Pending Motions

### A. Motion for Identification (Doc. 16)

Plaintiff asks the defendants to identify the John Doe defendant who, Plaintiff claims, punched him in the head.  Defendants respond (Doc. 22) that discovery has not begun, and the Court has ordered that discovery may not commence until the case is fully screened and Plaintiff receives Defendants' answer to his Complaint.  Defendants are correct.  Plaintiff's motion is denied as premature.

**B.  Motion in Limine to Exclude Evidence regarding Disciplinary History (Doc. 17)**

Plaintiff asks that evidence regarding his disciplinary history for incidents unrelated to the incident forming the basis of this action be excluded as inadmissible propensity evidence. Defendants respond (Doc. 22) that motions in limine are premature.  Again, this is correct. Plaintiff's motion is denied as premature.

**C.  Motion in Limine to Exclude Evidence regarding Convictions (Doc. 18)**

Plaintiff asks that evidence regarding his convictions be excluded as irrelevant and unfairly prejudicial.  Defendants respond (Doc. 22) that motions in limine are premature.  Plaintiff's motion is denied as premature.

**D.  Motion for the Court to Provide Plaintiff with All Camera Videos (Doc. 21)**

Plaintiff argues that summary judgment should not be granted because there are genuine issues of material fact.  He states that he and the defendants disagree about what force was used, when it was used, and why it was used.  He also continues to argue that there should have been handheld camera footage of the incident, and it violated policy for such camera to not be used.

Defendants respond that Plaintiff viewed on November 10, 2022, the only video footage of the incident.  Defendants state that no handheld camera was used, and no additional footage exists.  (Doc. 27).  Defendants ask the Court to deny Plaintiff's motion as moot since he has viewed all existing video evidence of the incident.

Plaintiff filed a reply (Doc. 29) alleging that the surveillance video he watched was "sliced and chopped." He further argues that even if it was not, what it shows was a constitutional violation. He argues that it shows Baker punching him to the floor, "bear hugging or may I say choking" him at around 10:47 into the video, with his right hand on Plaintiff's neck "choking down" so that Plaintiff could not take in air at around 10:48 into the video. Doc. 29, at 2.

To the extent Plaintiff's motion was asking to view all camera footage of the incident, it is denied as moot since Plaintiff subsequently viewed the existing footage.

### E. Motion for Extension of Time to File Response (Doc. 26)

Defendants filed a motion requesting additional time to respond to Plaintiff's Motion for the Court to Provide Plaintiff with All Camera Videos (Doc. 21). Defendants subsequently filed a response, which the Court has considered. The motion is denied as moot.

### F. Motion for Default (Doc. 28)

Plaintiff continues to argue that there should have been a handheld camera used. He alleges that the defendants are engaging in a cover-up as to the camera footage, the medical request for his ankle, and the emergency grievance he sent to the Secretary of Corrections. Plaintiff also asserts that the surveillance video "clearly shows the plaintiff being punched on while cuffed and Defendant Baker choking the plaintiff on the floor and at least 800 pounds on the plaintiff['s] back stopping the plaintiff['s] airflow." Doc. 28, at 2.

Defendants respond that they have not defaulted as they have not yet been ordered to respond to the Complaint. Further, they argue that it would be unreasonable to order the defendants to produce video footage that does not exist. *See* Doc. 30.

Because Defendants have not defaulted, Plaintiff's motion is denied.

13

IT IS THEREFORE ORDERED that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that all pending motions (Docs. 16, 17, 18, 21, 26, and 28) are **denied**.

IT IS SO ORDERED.

Dated December 7, 2022, in Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

14

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

ANTHONY S. KIDD,

                    **Plaintiff,**

  **v.**                                   **Case No. 22-3213-JWL-JPO**

JEREMY BAKER, TYLER JONES, MICHAEL
FALCK, JASON VSETECKA, (FNU) SIMMONS
and JOHN DOE,

                    **Defendants.**

## JUDGMENT IN A CIVIL CASE

( )   **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

(x)   **DECISION BY THE COURT.** This action came before the Court. The issues have been considered and a decision has been rendered.

        **IT IS ORDERED AND ADJUDGED** that this matter is dismissed for failure to state a claim.

Entered on the docket 12/07/22

**Dated: December 7, 2022**           **SKYLER B. O'HARA**
                                    **CLERK OF THE DISTRICT COURT**

                                    **s/S. Nielsen-Davis**
                                    **Deputy Clerk**