E-Filing Cover Sheet

1.)

From: Anthony S Kidd # 93399
EDCF 1737 SE U.S Hwy 54
EldorAdo. KS 67042-0311

To: US District Court
District of KANSAS

CASE NAME: Civil Right Complaint
Pursuant to 42 USC
§ 1983

CASE NO: 22-3123-SAC

Date of Filing: MAY /11/2023

Number of Pages Including This Page No: **25.**#

U.S. District Court
District of Kansas

2)

Kidd (CIO #93399) v. Baker, et Al
Case Number: 5:22-cv-03123-JWL-JPO

(Motion to Reconsiter)

1) The Application of Stare Decisis ensures stability
And Continuity demonstrating A Continuing Legitimacy
of Judicial Review. Judicial Adherence to Constitutional
(Precedural) ensures that All Branches of goverment,
Including The Judicial Branch, Are Bound By Law" (see Crist
v. Honay Palace Inc., 277 Kan. 706, 715, 89, P3d, 573 (2004).
Petitioner Ralies on this Honerable Court To Consider
This Appeal with this Dockine in Mind. While I Humblely
Present the Issue of Subject Matter Jurisdiction.
The Contours of Jurisdiction Are Defined
By (statue) A Jurisdictional Question may be Raised At
Any Time And May Also be Raised (Sua Sponte)
By the Appellate Court In Matters of Jurisdiction.
Questions Must be Answered with the Record (see Benden
v Williams Port (Area SD) Dist, 475 U.S. 534, 546 (1986)
We presume that Courts Lack Jurisdiction unless the
Contrary Appears Affirmatively from the Record
" Quoting King Bridge Co. v. Otoe County, 120 U.S 225, 226
(1887) further more it is long settled principle that
Standing can not be Infered Arguementively from Avent
ments in the pleadings. But Rather must Affirmatively
Appear In the Record " ( Phelps v. City of Dallas, 439 U.S
At 231

1)

The lack of statutory Authority to make particular order **3**
or judgment is Akin to lack of Subject matter jurisdiction
And is Subject to Collateral Attack. (See Am. Jur. 2d
Judgements § 25 pp. 388-89)." A Court can not confar
Jurisdiction where none existed And can not make A void
proceeding valid. Its clear And well established law that
A void order can be challenged in Any Court (old Wayremut
.L. Assoc. v. Mc Donough, 204 U.S. 8. 27 S.Ct 236 (1907).
" A void Judgement is one Rendered by Court which "
lacked Subject matter jurisdiction, or Acted in Manner
Inconsistant with Due process " - when Rule Providing
for Relief From Void Judgement is Applicable, Relief is not
A Discretionary matter, But is Mandatory. SEE ORNER v.
Shalala, 30 F. 3d 1307 ( · 1994). Judgement entered where
Court lacked either Subject matter or personal
jurisdiction, or that where other wise entered in Violation
of Due process of law must be set Aside. (Jaffe
And Asher v. VAN Brunt, S.D.N.Y. 1994, 158 F.R.D. 278)
"    It is petitioners claim that the Court Relinquished
Jurisdiction with A Ruling Contrary to Law. This Amounts
To Acting in A Manner Inconsistant with Due
process. Petitioner presented claim And Evidence
of A Violation of the 8th Amendment, Because of Condition
-s of Confinement But the (Courts ) Misconscrewed
claim As A Property claim. This Misunderstanding
was no Fault of the patitioner But Led to the
Improper Ruling From this Honorable Court.

Petitional Has Met All (Criterias) for the Civil Complaint 4)
To Be Considered on its Merits And Request reconsideration
Based on Lack of Jurisdiction Manifest Injustice, And In
The Interest of Justice The Rulings Based on A Misunder
standing of the Issue Being Presented And statement
of Facts Amount to A Void Judgement.

" A Void Judgement Grounds No Rights, Forms No
Defense to Action Taking there under And is Voinerable
To Any Manner of Collateral Attack. No statute of
Limitations or Repose Runs on its Holdings. The Matters
Thought to be settled there By Are Not
Resdi'cata, And years Later, when the Memories May
Have Grown dim And rights Long Been Regarded As "
Vested, Any Disgruntted litigant May (Reopen) the
Old wound And Once More Probe its Depths.
And it is then As thought Trial And Adjudication
Had Never Been." (10/13/58 Fritts v. Krogh. Supreme
Court of Michigan, 92 N.W.2d 604, 354 MR. 92)"
The prior Judgement must Be A Valid Final Judgement
for Res Judicata or Collateral estoppal" (Frandson v.
Westinghouse Corp.) 46 F.3d 975 (10th Cir 1995)
     ( Fed. R. Civ. P. Rule 60 (b)(4), 28 U.S.C.A. ; U.S.C.A
Amend 5. Klugh v. United States, 620 F. Supp. 892
D.S C 1985) A Judgement is Void if the Court that
rendered it Lacked Jurisdiction of the Subject matter
or of the Parties, or Acted in A Manner Inconsistant
                              3)

-- with due Process.

5.)

Rule 60 (b) Ground for Relief from final

Judgement order on proceeding On Motion And Just Tarms. the Court MAY Relieve A PArty or it's Legal Representive from Final Judgement, order or proceeding for Void Judgement. All Proceedings Founded on the Void Judgement Are Them Selfes REGARED As INVALID And Ineffective for Any purpose ( 46 Am, Jur. 2d Judgement § 31, P. 393-94, Quoting In Re m. K. D, 21 KAN, App. 2d 541 ( 1995)

'' In the lAnd MARK Decision In MARbury V. ''
Madison). the Supreme Court lAid down Some Lofty Language stating, The Very essenca of Civil Liberty Certainly Consists in the Right of every Individual To Claim the protection of the LAW, when even He receives An Injury One of the first duties of Government is to Afford that protection. The Government of the united states Has been emphatically Termed As A government of LAWS, And Not of MAN! It will certainly Cease to deserve this High Application if other LAWS Furnish No Remedy for the Violation of A Vested Legal Right. CAn it Be Imagined! that the law furnishes to the Injured Person No Remedy it is not Believed that Any person what so ever would Attempt to MAintAin Such A Proposition! MARbury Vs MADison, 5 U.S. 137, 163, 165 ( 1803

$)

6.)

5) Did The Courts Inproperly Rule on MR Kidds
Grievance Appeal To Secretary of Corrections
By Saying MR Kidd did Not properly
exHaust His GRIEVANCE or used The
WRong Administrative process to seek
Relief

1A) I MR Kidd Sending A Copy of the GRIEVENCE
Send To Secretary of Correction S PAGE Two (2)!
The middle of PAG2 Quoting. I Am TAlking
About my Condition of Confinement which
is exactly what the GRIEVANCE procedure
Not PERSONAL INJURY ClAim! Process. is disigned to
AddRess!

1B) PlAintiff Kidd AppeAls Pro se from Order of the
District Court Dismissing the 42 USC § 1983 Civil
Right Complaint its Noted Kidds ClAims INvolved
Allegations of His Condition iN Confinment the Relevant
PAth to exHAust His clAims WAS set out iN Impp
44-15-101b (Rule Book The Procedures set out iN §
44-15101b Quotes The GRIEVENCE HAVE to Be filed
With in fifteen days ", it Also Quotes NO GRIEVANCE
Regardless of the Time of Discovery, shAll Be file NO
lAter than ONE yeAR —

5)

7.)

- Any Grievance filed Later than These Dead Lines may be Re Turned to the Inmate with out Investigation
- Note! Yes! it was Good the unite team And the warden Responded to the Grievance even when its A Riaght or wrong Answer! Note! the unite Team Manager Stated I'm to Late to file A Personal Injury claim note the warden Answer According To KAR-44-15-101 A(d)[2] The Grievance Procedure Shall Not Be used in Any way As Substitute For the offender Property Loss or Personal Injury Claims Procedure.      The Administrative And Counts fail to understand I'm Litigating My (Condition And Confinement) wich would Be R eight Amend ment Violation Standant for filing A Civil 1983 Civil Complaint And As the Panel or Count Vett Through the Rule Book I m PP

[44-15-101b.] Time Limit for Filing Grievance Grievances Shall Be filed with in 15 Days From Date of the Discovery of the event Giving Rise to the Grievance, No Grievance Regardless of Time of Discovery Shall be file (no Later than one Year After the event. Any Grievance filed Later than These (dead lines) May Be Returned to the Inmate with out Investigation. Note! These Are Grievance Procedures And Alternative KAR, And OR Impp - Exhaustion of Administrative Remedies Pursuant to KSA 75-52-138

6

I Mr Kidd gave the Informal Resolution) Quoting Due 8.)

To The Fact the Acting Complaint of in the this GRIEVENCE

Took PLACE At YARNED. I was not Able to Address the

Matter with unit team Staff I Address it with the

Correspondence Attached SEE Form "9" Confirmation

No: 175388932  Request No 174952432 (Date 4/22/22

Actions of Issues Happened on 12/28/21 — I GRIEVANCED

My Beating And Being on OSR" THATS Conditions And

Confinement - one of these Dead Lines WHICH Kidd

Did File No Later than ONE year After the event

Do to MY exceptional Cercomstance For Being

PLACED ON OSR And physicAly Hurt And Mentaly

Scarred. NOTE! The PLAINtiff MR Kidd GRIEVANCE

WAS Interthined And Investigated There for

The GRIEVANCE WAS exHAusted under 44-15-101 b.

Time Limitations For Filing GRIEVANCE MR

Kidd By Statutes And Law Properly exHAust

" SEE Subil V. US MARSHAl, 2008 WL 835712                    "

C.N.D. Int MAR. 24 2008) Declining to Dismiss for Non

exHAustion where GRIEVACE WAS not File in the Normal

CHannels But the FinAl Reviewing Authority Acceted

And Responded to it

" Strope v. Collins. 2006 WL 3390393 Kretchmar v.
Beard. 2006 WL 20 38687 ✱ 5 (E.D. PA Jun 18 2006) " 9.)
When the merits of a prisoners have been fully
examined and ruled upon by the ultimate
(Administrative Authority) Prision of officials
can longer assert the defense of failure
to exhaust even if the inmate did not
follow proper administrative procedure.

2) Did the courts inproperly error by Saying
Mr Kidd Fail to State a claim or Inproper
-ly Rule on Mr Kidds claims Say Defendant
Baker was justified of his actions Becouse
Mr Kidd Bit Him?

2A) The most important thing to prove is whether
force was applied in good faith effort to maintain
on restore Discipline or maliciously and sadistically
To cause harm — for example, one court found
a (8) amendment violation when an officer repaetedly
hit a prisoner even though the prisoner had
Immediately obeyed and order to lie face down
on the floor and was already being restrained by
four other officers. SEE (Estate of Davis by Ostenfeld
v Delo. 115 F. 33  1388 (8th Cin 1997)

8

10.)

IN Another Successfull CASE the PRISONER WAS
HANd Cuffed And Hit Several Times IN the Head
And shoulders while IN a Kneeling Position...

NOTE: An excessive force claim Involves two prong (1)
An Objective prong that Asks if the Alleged wrong
Doing was objectively HARMful enough to establish
A Constitutional Violation, And (2) A Subjective prong
under which the plaintiff must show that the officials
Acted with A Sufficiently Culpable state of mind
SEE Giron V. Corr. Corp. of America 191 F.3d 1281,
1289 (10th Cir 1999) An official HAS A Culpable
state of mind if He uses FORCE Maliciously And
Sadistically for the very purpose of causing HARM
RAther than IN good Faith effort to Maintain
or restore Discipline Redmond V. Crowther.
882 F.3d 927. 936-37 10th cir 2018) (Quoting
Whitley V. Alberr 475 U.S. 312. 320-21 (1986)

NOTE I PLAINTIFF Mr Kidd Recieved the (OSR)
Report states Defendant BAKER struck PLAIN
-Tiff IN the Head Multiple Times to MAKE
PlaintiFF Mr Kidd Release Hi Bite. Note that
would Be understandable if True, Look The
CAMAROA Footage would show Defendant BAKER
First Punches Threw was Aimed At Mr Kidds
Head wile Plaintiff was Already Subdued

9)

**11.)**

it was Sayed Defendant Baker Punched Plaintiff Multiple Times in His Bicep An Approved technique when A Inmate is Resisting Being Cuffed. Note: The Plaintiff Mr. Kidd was Already Subdued, And the only Time the Plaintiff Mr Kidd resisted was Pushing the Gaurds Back out His door, So the Gaurd Could not trap Him in that Small Cell Room, its Clear Defendent Baker first Punches Thrown Aim At Mr Kidds Head not His Bicep And its Clear the Defendant Baker struck Plaintiff in the Head. Note! its Clear the Subjective the Defendant Baker was not Acting "

" Prong 2) The Defendant Baker was not Acting IN A good Faith or to Maintain Order, Defendant Baker was Acting Maliciously And Sadistically for the Very purpose to Causing Harm, Becouse the Camara Footage Would Showe the Defendant Baker Through Punches from the start to End Aimed And Hiting Mr Kidds Head the Hole Time. wile the Plaintiff Mr Kidd was Alreadly (Subdued) Baker was Not even Bit At the Time He was Aiming Punches And Hiting Plaintiff Mr Kidd In His Head! And Choking Mr Kidd! wile Subdued

12.)

IN An excessive force Claim   Prong 1) And Objective Prong that Asks if the Alleged wrong doing WAS Objectively HarmFull enough to establish A Constitutional Violation NotE: Danny Bentley. Correctional officer (II) At Larned Correctiona Mental Health Facility (For Ks-Department of Corre tion (K DOC). Defendant Bentley About THree HUNDRE Pounds LAYing Nees on PLAIN tiff BACK Also Tyler Jones About THree HUNDred Pounds At the Time Layed Nees ON MR Kidds BACk Also wile Defendant Jeremy BAKe About Two HUNDRed 25 pound WAS BEAN Hugging A (UFC) CHoKing) PLAINtiff MR KidA wile TURNing His Body with DefendANts DANNY Bentley, Tyler Jones KNEEing IN Kidds BACk And Side AspHyxiation THe PLAINTiff SO Kidd the PLAINTiFF CAN't tAkE iN Air THese TActics Are Constitutional Voi/Ations And under Color of stAte LAW.

3) Plaintiff Mr. Kidd Ojected to the MARTENIZ **13.**
Report! Saying the CAMERA Footage WAS Altered
or MAY I SAY Spiced! Did the courts ERROR
By not INVISTAGATing the MATTER or give A JURY
A CHANCE to VIEW the 1983 civil Complaint
Becouse The PlAINTIFF Mr. Kidd Also HAVE A
Sworn Declaration By INMAte Samuel, Garcia
Verifying WHAt HAppened on DATE 12/28-2023
Sending A Copy of the Sworn Decloration,
And Copy of The WARDEN And The unit TEAM
Answering The PlAINTIff GRIEVANCE There for WAVING
Any Administrations riggnts SAYing PlAINt fail
to properly exHAUSt.

(CertiFicate of SerViCE) I Anthony S Kidd
#93399 certify on MAy/11/2023 I MAILd A copyed Motion to
reconsiter to MATTHEW L SHoyer Assistant Attorny General
180 SW 10Th Avenue 2nd Floor Topeka, KS 66612 1597
E-filed the motion And to the ( U.S District Court District )
of KS,

I Anthony S Kidd #93399 DeClARE under Penity of
Penjury that fore going is true And Correct Pursvant to
28 USC § 1744

12)

*14.)*



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

**KANSAS**
Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary
Tommy Williams, Warden

Laura Kelly, Governor

**Date:**     JUN - 3 2022

**TO:** Kidd, Anthony #93399 B1-228

**Re:** Grievance Concerning: K.A.R. 44-15-101a (d) (2) Grievance Procedures and Alternative K.A.R and/or I.M.P.P.

I have reviewed your complaint along with the response provided by UTM J. Hoepner.  Based on my review, I feel no further action is necessary.  According to KAR 44-15-101a (d) (2):  The grievance procedure shall not be used in any way as a substitute for, or as part of; the offender disciplinary procedure, the classification-making process, or the property loss or personal injury claims procedure or the procedure for censorship of publications specified in the Secretary's Internal Management Policy and Procedure.   The grievance system shall not challenge the decision of these other procedures.

> However, the correct procedures are:
> ➢ Disciplinary Reports-K.A.R. 44-13-701 et seq.
> ➢ ***Classification Decision Making- I.M.P.P. 11-106 section V.***
> ➢ Property Loss-K.A.R. 44-16-102 and I.M.P.P. 01-118
> ➢ Personal Injury-K.A.R. 44-16-104a and I.M.P.P. 01-118
> ➢ Censorship-I.M.P.P. 12-134
> ➢ Custody Classification Appeals – I.M.P.P. 11-106 section III B 3

Furthermore, as stated in K.A.R. 44-15-102 (G)(C)(1):  "If the warden's answer is not satisfactory, the offender may appeal to the secretary's office by indicating on the grievance appeal form exactly what the offender is displeased with and what action the offender believes the secretary should take.  The offender's appeal shall be made within three calendar days of receipt of the warden's decision or within three calendar days of the deadline for that decision, whichever is earlier.

Tommy Williams, Warden
El Dorado Correctional Facility

Cc: Offender
     File
     UTM J. Hoepner

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

15.)

## INMATE COMPLAINT

Inmate's Name _Anthony Kidd_          Number _93399_

Facility _E.D.C.F._          Housing Unit _B1-228_          Work Detail _N/A_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.;   how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

[ Please see attached )

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _5/18/22_

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

X See Attached X.

_Jr. Hoeper_ UT Mgr 5/17/22
Unit Team Signature                                    Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__XX__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_Anthony Kidd_                                          _5/17/22_
Inmate Signature                                        Date

**`WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _MAY 27 2022_   Date of Final Answer _JUN - 3 2022_   Date Returned to Inmate _6-6-7022_

_____          _NTS Q Bush_              _6-6-2022_
Inmate's Signature          Date   Unit Team Signature          Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number _____

Type of Complaint (Item 4: Code 01-75) _____

Cause of Complaint (Item 5: Code 01-30) _____

Type of Response (Item 6a: Code 01,02,08 or 09) _____

RECEIVED

Classification Issue

MAY 27 2022

WARDEN'S OFFICE

*16.)*



Landon State Office Building
900 SW Jackson, 4th Floor
Topeka, KS 66612

# Kansas

Department of Corrections

phone:  (785) 296-3317
fax:  (785) 296-0014
kdocpub@doc.ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary of Corrections

Laura Kelly, Governor

**TO:** Kidd, Anthony #93399 B1-228

**DATE:** May 17th, 2022

**SUBJECT:** Grievance

**FROM:**  Jeremy Hoepner
Unit Manager B Cell House

**FINDINGS OF FACT:  I received a grievance from you on 5/16/2022. In your grievance you report staff at LCMHF caused physical harm to you during an incident that took place while you were housed at their facility on 12/21/2021. In addition, you report you were the victim in the incident, and request to be released from Restrictive Housing, and removed from OSR status.**

**CONCLUSIONS MADE:   The incident that you allege took place on 12/21/2021, happened at LCMHF. This was prior to your transfer to EDCF on 2/22/2022. There is limited access to the information you allege, due to the information being at another facility, and of which did not occur at the El Dorado Correctional Facility.**

**ACTION TAKEN:  Pursuant to KAR 44-15-101a, D (2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claim procedure. Your timeframe to file a personal injury claim over the incidents you allege at LCMHF have expired, as they are over the time limits to do so. I encourage you to attend monthly Restrictive Housing Review, and work on a plan to release from RHU, and out to general population here at EDCF. Your current placement is accurate based on your DR history, and the nature of the DR's you have received. No further action required at this time.**

Jeremy Hoepner Unit Manager BCH

**CC: Inmate**

("Formal Grievance")                    17)

Exhaustion of Administrative Remedies Pursuant
To KSA 75-52,138
            (Informal Resolution)
Due to the fact the Act Complained of in this
Grievence Took place At Larned, I was Not Able
To Address the Matter with unit team staff,
I Address it with the Correspondence Attached.
SEE E-form "9" Confirmation Number 175388932
    Request No: 174952432 (DAR 4/22/22
            ( Actions At Issue)
On 12/28/21 I Had CSI-Vsetecka, Open My door
About Ten Minutes Before Yard, I was About to Clean
My Room And take A shower But Vsetecka Came
Back to My Door And shut it So I Couldn't take
A Shower, He Didn't Close AnyONE else's Door,
At that time I was mad Because He Made Me
wait until Open Cell Doors for Yard, So When
Vsetecka Open My Door I Said "Why did you
shut My Door. He was trying to provoke me
And He pulled out A Can of Mace And Called
A1 Response, The Camera Will show I went
in my Cell And got My stuff For My Shower.
I Advised CSI-Baker that He officer was Trying
to get me to shower on His Time And Kept shutting
my Door Causing strife. At that Point A1-Response
Left, Because it wasn't A Issue —

                                              1)

18.)

But Vsetecka shut my Door, Again, Before they left, The staff went to Talk Among Themselfs Then they Returned to my Cell And Gave me An order to "Cuff up" I Replied that I was under the Impression that the matter was Resolved, At that Point I Had my Shower stuff In my Hands, officer Baker Suddenly Reached for my Arm, Surprised so I Snatched my Arm Back. At that point Some officer punched me in the Side of the Head the Camera would Reveal the ordeal Also, At that Point Compution Kicked in As I Believed the officers were Trying to Hurt me And I Fought Back As The ordeal Went on I push the other officer Back, CJI-Vsetecka, And COII-Michael Falck And Some Howe the other officers got Schack -les Secured Around my Feet, They then lifted me 3 Feet in the Air And Slammed me Down to the ground Knocking All the wind out of me. officer Baker Put me in A Head lock And was punching me, At that point He went From Punching me to choking me, As A Result I Bit the officer Because I was under Arrest, And In Hand Cuff

z)

19)

When officers Raised me up to Be put IN A
wheel chair No Resisting or Scuffuling
coll J-Baker choked I Mr Kidd Again with
Closed HANDS The AI ~~Camera~~ Responce
CAmera And the F/3 Hall way Camera
would showe the SAME, while All these unlawful
Acts Took place None of the other officers
Present, Intervened to stop them, I t must
Be Noted Here Also that while the Incident
Took Place the CAmera will Reveal while
my HANDs were BeHind My BACK for
HAND cuffing coll J-BAKeR was Bear Hugging
my Neck choking me Using two types of
Chokes which was An excessive Abruece of
FORCE, The CAmera will Also show the other
officers were putting All their weight on
me So I could not Breathe Those Types
of Chokes And Tactics Are Banned, Bakers
RANK was Took As A result of this Incident
(Relief)

I was the victim in this issue And I wish to
Be Released from Segregation And Taking
off OSR. I Also wont All the officers involved
Reprimanded, I'VE Been in seg for Months And I
Don't Have Proper Access to LAW library
or the means to Discover my Rights

(3)

20)

or Remedies in regard to the unlawful /
use of Force, I need out of Here.

Anthony S Kidd # 93399

4)

21)

GRIEVANCE APPEAL TO SECRETARY OF CORRECTIONS

The answer given by Unit-Team Hoepner is rediculous. He states in his findings of fact that I in fact cannot caused me physical harm, that I am the victim in the incident, that I request to be released from Restrictive Housing, and removed from Other Security Risk ("OSR") status. He is correct in that analysis.

Where he goes very wrong is in his ACTION TAKEN section. He cites 44A-15-101a (d)(3), which states the grievance process shall not be used as a substitute for the property loss or personal injury claim procedure and that my "timeframe to file a personal injury claim over the incidents [I] allege at LcrnHF have expired, as they are over the time limits to do so."

Unit-Team Hoepner is trying to be slick. He knows full well the personal injury procedure does not encompass a request to be released from Restrictive Housing, or taken off OSR status. In fact, such requests are prohibited. What Hoepner is attempting to do, and what I want stand for, is bar me from pursuing litigation against prison officials under the scheme I used the wrong administrative process to seek relief. He has the right plan but he has the wrong man.

22.)

K.A.R., 44-15-101a Grievance Procedure states at section (d)(1):

"The grievance procedure shall be applicable to a broad range of matters that directly affect the inmate including the following:
(1) Complaints by inmates regarding policies and conditions within the jurisdiction of the facility or the department of corrections;"

As it is the apparent policy that the KDOC places any inmate that has been in an altercation with security staff in long-term segregation and on OSR status, regardless if they are the victim or aggressor, my use of the grievance procedure was proper. Further, because I expressed my inability to do any legal research or discover my rights and remedies in regard to the beating I am talking about my "conditions" of confinement, which is exactly what the grievance procedure, not personal injury claim process, is designed to address.

The United States Supreme Court has dealt with prison officials that "create procedural requirements for the purpose of tripping up all but the most skillful prisoners" in the most unkind fashion. Woodford v. Ngo, 548 U.S. 81, 102, 126 S.Ct. 2378 (2006)

(2)

23)

Further, "compliance with prison grievance procedures" is all that is required by the PLRA to properly exhaust." <u>Jones V. Bock</u>, 549 U.S. 199, 218 (2007) my issues I have brought forth in my grievance are proper and worthy of attention and fair consideration.

<u>RELIEF SOUGHT</u>

Just as I said in my grievance, I'm requesting to be released from long-term segregation and taken off OSR status so I can have access to the law supply. I was beaten by officers at another prison, I am not a security risk at EDCF.

Respectfully Submitted,

Anthony S Kidd #93399

Anthony Kidd

cc: file

(3)

24.)

I inmate Samuel Garcia #114206 here by verify on date 12-28-2023 at facility Larned prison. A scuffle in the hallway. Inmate pushed officers back out of his cell it appeared Mr Kidd was afraid to be trapped in the cell with the officers as officer Baker was punching and hitting Mr Kidd in the head and face while Mr Kidd was already cuffed he was slammed into the ground and he started to yell he couldn't breath but officers continued to hit and slam him though he was already cuffed. Once the scuffling ended officers still continued to kneel on his back while pressing his face in to the floor. Mr Kidd was very clear having trouble breathing so me and other inmates started yelling at the officers to get off of him. As they rolled him on to his back and started to try and get him up officer Baker put Mr Kidd in a pretty brutal headlock as if Mr Kidd was resisting although he wasn't. A wheelchair was brought and Mr Kidd was put into it and while cuffed in the wheelchair he was having a

Copye The Back

Also